JOHN W. LOWELL *et al.*

*v.*

MARGARET J. WREN.

CERTIFICATE OF ACKNOWLEDGMENT—*may be overcome by parol evidence.* A married woman testified that she never executed a deed of trust which purported to be executed by her and her husband, and acknowledged before a notary public. She further testified that her husband brought her a paper to sign, and when she asked him what it was, she not being able to read, he replied that it was a mere matter of form, and she then made her mark, and her husband handed the paper to the *cestui que trust,* who was then present, and that no one asked her anything about whether she acknowledged her signature or whether she executed the paper. She was fully corroborated in her statements by the testimony of her husband and of three disinterested witnesses who were present: *Held,* that this evidence was sufficient to overcome the certificate of acknowledgment, and authorize a decree, at the suit of the woman, enjoining a sale under the deed of trust, on the ground of fraud in procuring her signature.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

Messrs. IVES & ROBINSON, for the appellants.

Mr. J. H. KNOWLTON, and Mr. E. P. WEBER, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellee, by her bill, prayed the court below to enjoin a sale under a pretended deed of trust, purporting to have been executed and acknowledged by her to J. C. Robinson, as trustee, to secure the payment of certain notes given by her to Lowell and Dalton.

She charges that Lowell and Dalton conspired with her husband, John Wren, to defraud her, by procuring the notes and deed of trust to be executed as if by her, and that she never signed, or authorized any one to sign, the notes and deed of trust, or acknowledged the deed of trust.

The court, on hearing, decreed in conformity with the prayer of the bill.

The notes purport to be signed by appellee, "per John Wren." Appellee testified that she never authorized John Wren to sign the notes for her, and, on this point, we have discovered no contradictory evidence. She also testifies that she never, knowingly, signed the deed of trust, and that she never acknowledged it. While on this point there is some conflict in the evidence, the clear preponderance seems to be in her favor. The acknowledgment was written out and attested by one Albin, as notary public. Appellee's testimony is, that she is unacquainted with Albin; no such person was ever introduced to her as notary public; that, on one occasion, her husband brought her a paper to sign—she asked him what it was, being herself unable to read or write. He replied: "It's only a matter of form;" and she then made her mark, not knowing what the paper was, and that her husband then gave the paper to Lowell. She says, positively, no one asked her anything about whether she acknowledged her signature, or whether she executed the paper. Patrick M. Buchan, William McMahan, Levy Rosenfeldt, all of whom appear to be disinterested, and her husband, fully corroborate her. They

all swear, when asked to put her mark to the paper, in response to her inquiry, what it was for, she was told it was only a matter of form, and that no one explained it to her or asked her if she acknowledged the paper or her signature, or anything of that kind.

Lowell denies that he was present when her mark was obtained, but these same witnesses all say that he was, and that the paper was there handed to him.

Dalton admits that he was present, and he and Albin are the only witnesses who testify that there was an acknowledgment. But Albin does not clearly show that appellee knew what she had signed. He says that Dalton said to Mrs. Wren: "This is a notary, come to take your acknowledgment;" that after she affixed her mark to the paper, he held it before her and asked her if it was her signature, but he does not recollect whether she said yes, or nodded her assent; that he then asked her: "Do you acknowledge that as your deed?" and she assented again. He says she never asked him to explain it, and whether she knew what it was, he does not appear to know.

The evidence here is much stronger and more conclusive against the certificate of acknowledgment than it was in *Spurgin* v. *Traub et al.* 65 Ill. 170, and *Marston et al.* v. *Brittenham,* 76 id. 611, and we are of opinion that it was sufficient to authorize the decree.

The husband of appellee appears to have been entirely worthless, and the conclusion is warranted from the fact that appellants were present when appellee's signature was obtained, participating in what then occurred, and other circumstances proved that they had conspired with appellee's husband to obtain her signature, as charged in the bill.

The decree is affirmed.

*Decree affirmed.*