THE BANK OF JENNINGS, *Apellant*, v. W. P. JENNINGS, AND MRS. F. M. B. JENNINGS, *Appellees*.

Opinion filed February 15, 1916.

1. A "mortgage duly executed    *    by husband and wife," sufficient to create a lien upon homestead real estate of the husband, as between the mortgagors and mortgagee must be duly executed by the husband and wife and the execution by the wife duly acknowledged by her, since under the statute due acknowledgment by the wife of the execution of the deed or mortgage by her is essential to the validity of any conveyance or relinquishment of an interest in real estate by the wife even as between the parties to the instrument.

2.  The law which authorizes designated officers to take the private examination of the wife was designed as a substitution for the proceedings at common law by fine and recovery, whereby the right of the wife on the one hand might be guarded, and a sure indefeasible and unquestionable transfer of her right secured on the other.

3.  The certificate of the officer as to the acknowledgment of the execution of a deed of conveyance or mortgage made before him, is a quasi-judicial act, and where the person executing the instrument and the instrument are in fact before the officer, and he undertakes to act officially, the certificate of the officer as to the transaction, when made as the law requires, is in the absence of fraud or duress, conclusive as to the facts stated in the official certificate. When fraud is alleged, proof of it must be of the clearest, strongest and most convincing character.

4.  Where a married woman signed a mortgage of land in the presence of witnesses and the only contention in avoidance of the mortgage is that she did not acknowledge to or before the officer separate and apart from her husband the execution of the mortgage, the certificate of the officer of due acknowledgment of the execution of the mortgage by her separate and apart from her husband, will prevail where there is evidence to sustain the certificate, and it is not overcome by clear, strong and convincing testimony.

Appeal from Circuit Court, Hamilton County; M. F. Horne, Judge.

Decree reversed.

*Blount & Blount & Carter* and *Stafford Caldwell,* for Appellant;

*I. J. McCall* and *B. B. Johnson,* for Appellees.

WHITFIELD, J.—Suit was brought by the mortgagee bank to correct an errror in the date of a certificate of the acknowledgment of the execution of a mortgage and to foreclose the mortgage upon real estate alleged to have been given by the appellees husband and wife. The defendants filed the following plea: That the property was "at the time of the purported execution of the alleged deed of Mortgage and sometime prior thereto, and is now the homestead of these defendants, and upon which these defendants did then reside, and upon which these defendants does now reside, that these defendants has never conveyed the same to the complainant as is claimed in its bill of complaint herein, that neither of these defendants ever acknowledged the execution of the mortgage herein attempted to be foreclosed, and that the certificate of K. K. Powell thereto attached is false." This plea was sworn to by each of the defendants. The bill of complaint was amended so as to allege matters of estoppel. The answer filed had reference to the amendment to the bill of complaint. Replications to the plea and answer were filed and testimony taken. The bill of complaint was dismissed on final hearing, but a rehearing was granted, and in a subsequent decree a foreclosure was decreed "except as regards to the inchoate dower rights of the wife." An appeal was taken by the complainant from both decrees.

The certificate of the officer as to the acknowledgment before him of the execution of the mortgage is as follows:
"State of Florida,
Hamilton County.

Before me personally came W. P. Jennings, signer of the foregoing deed of mortgage and acknowledged

that he executed the same for the purpose therein contained.

And F. M. B. Jennings, wife of the said W. P. Jennings, being separate and apart from her said husband, further acknowledged that she joined her husband in the foregoing conveyance for the purpose of relinquishing all her dower or right of dower to the lands therein conveyed, and that she did so freely and voluntarily, without compulsion, constraint, apprehension or fear of or from her said husband.

Witness my hand and official seal, this 8th day of March, A. D. 1912.

(Seal.)                          K. K. POWELL,

Notary Public for the State of Florida at Large.
My commission expires June 24th, 1915."

Sections 1 and 4 of Article X, the "Homestead and Exemptions," Article of the State Constitution provide that:

"A homestead to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any incorporated city or town, owned by the head of a family residing in this State, together with one thousand dollars' worth of personal property, and the improvements on the real estate, shall be exempt from forced sale under process of any court, and the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists."

"Nothing in this article shall be construed to prevent the holder of a homestead from alienating his or her homestead so exempted by deed or mortgage duly executed by himself or herself, and by husband and wife, if such relation exists."

The constitution requires the mortgage to be "duly executed * * * by husband and wife." A due acknowledgment by the wife of the execution of the mortgage by her is essential to the validity of the mortgage. Acknowledgment of execution is under the statute an essential part of the execution of a deed or mortgage by a married woman conveying or relinquishing an interest in real estate.

Section 2462 of the General Statutes provides that "to render such sale, conveyance, mortgage or relinquishment, whether of separate estate or of dower, effectual to pass a married woman's estate or right, she must acknowledge, before some officer authorized to take acknowledgment of deeds, separately and apart from her husband, that she executed the same freely and voluntarily and without compulsion, constraint, apprehension or fear of or from her husband, and the officer's certificate shall set forth all the foregoing requirements." Florida Compiled Laws 1914 §2462.

A "mortgage duly executed * * * by husband and wife," sufficient to create a lien upon homestead real estate of the husband, as between the mortgagors and mortgagee must be duly executed by the husband and wife and the execution by the wife duly acknowledged by her, since under the statute due acknowledgment by the wife of the execution of the deed or mortgage by her is essential to the validity of any conveyance or relinquishment of an interest in real estate by the wife even as between the parties to the instrument. See Adams v. Malloy, 70 Fla. 491, 70 South. Rep. 463. As to the husband, acknowledgment of the execution of the instrument is essential only for purposes of recording and its effects.

If the mortgage in this case was duly executed by the husband and duly executed by the wife and the execution of it duly acknowledged by her, it is sufficient in this respect and as between the mortgagors and mortgagee as a mortgage upon homestead real estate.

The law which authorizes designated officers to take the private examination of the wife was designed as a substitution for the proceedings at common law by fine and recovery, whereby the right of the wife on the one hand might be guarded, and a sure indefeasible and unquestionable transfer of her right secured on the other. Hart v. Sanderson, 18 Fla. 103, text 109.

The certificate of the officer as to the acknowledgment of the execution of a deed of conveyance or mortgage made before him, is a quasi-judicial act, and where the person executing the instrument and the instrument are in fact before the officer, and he undertakes to act officially, the certificate of the officer as to the transaction, when made as the law requires, is in the absence of fraud or duress, conclusive as to the facts stated in the official certificates. When fraud is alleged, proof of it must be of the clearest, strongest and most convincing character. See Hart v. Sanderson, *supra;* McClure v. American Nat. Bank of Pensacola, 67 Fla. 32, 64 South. Rep. 427; 1 R. C. L. §102; Wilkins v. Baker, 77 S. C. 244, 57 S. E. Rep. 851; Young v. Duvall, 109 U. S. 573, 3 Sup. Ct. Rep. 414; 1 C. J. p. 898; Holland v. Webster, 43 Fla. 85, 29 South. Rep. 625; American Freehold Land Mortgage Co. v. Thornton, 108 Ala. 258, 19 South. Rep. 529, 54 Am. St. Rep. 148; Notes 41 L. R. A. (N. S.) 1176; 1 Jones on Mort. (7 Ed.) §500; Notes 7 Ann. Cas. 249.

The officer acts officially and is entitled to a statutory fee for taking acknowledgment.

When a married woman has appeared before a magistrate, having signed a deed and acknowledged it, and he certifies a full compliance with the statute, his certificate, except fraud be shown, must be held conclusive of the facts it asserts. Shear v. Robinson, 18 Fla. 379.

It is admitted that the husband and wife signed the mortgage and the important controversy is whether the married woman acknowledged "separately and apart from her husband, that she executed the" mortgage as required by the statute and as stated in the certificate. The insistence is that the notary omitted to take the wife's acknowledgment separate and apart from her husband as the law requires.

The certificate of the notary public in this case is in substantial compliance with the statute in setting forth the requirements of the statute in taking the acknowledgments of married women. The notary public, Mr. Powell, testified as a witness for the complainant that he was requested to take, and did take, the mortgage up to the house of Mr. W. P. Jennings and get his and his wife's acknowledgment; that Mr. W. P. Jennings and Mr. C. W. Connell, the other witness to the mortgage, went with him to the house of Mr. W. P. Jennings; that Mr. W. P. Jennings and his wife, F. M. B. Jennings, signed the mortgage in the presence of the witness; that witness and Mr. Connell signed the instrument as witnesses to the mortgage. In response to the question "Did Mr. W. P. Jennings and his wife, F. M. B. Jennings, acknowledge to you the execution of this mortgage?" the witness answered: "Mrs. F. M. B. Jennings did. I took her acknowledgment. Mr. Jennings he just signed it." The witness further testified that W. P. Jennings and his wife, F. M. B. Jennings, appeared before him for the

purpose of acknowledging this mortgage; that the taking of the acknowledgment was for the purpose for which he went to Mr. Jennings' home; that Mr. Jennings knew this; that the witness did not know whether Mrs. Jennings knew of his purpose in going to the home; that she acknowledged the execution of the mortgage to the witness, and notary public who made the certificate of the acknowledgment; that Mr. Jennings requested Mr. Connell to go to the house to witness the mortgage; that the appearance of Mr. W. P. Jennings and his wife, F. M. B. Jennings, at their home at the time the paper was signed and witnessed is what he based his certificate on; that witness executed the certificate of acknowledgment as a notary public on the appearance of Mr. W. P. Jennings and his wife, F. M. B. Jennings, in their home, and on what took place at that time. On cross-examination. "Q. And the fact that Mr. Jennings and Mrs. Jennings appeared and signed this mortgage in the presence of you and Mr. Connell is the sole reason upon which you base this certificate, is it not?" "A. Yes, sir, together with Mrs. Jennings' acknowledgment, it was." "Q. What did Mrs. Jennings say?" "A. She says, 'I did.'" "Q. Did Mr. W. P. Jennings and Mr. Connell hear her make that statement?" "A. I don't think they did." "Q. Did you talk to Mrs. Jennings about this mortgage?" "A. No more than taking acknowledgment."

Mr. Connell for the defendants testified that when the paper was signed by Mrs. Jennings her husband was present; that Mr. Jennings was present all the time that witness and the notary were there. "Q. Did Mr. Powell take any acknowledgment from Mrs. Jennings to the execution of that paper, separate and apart from her husband?" "A. That is too hard for me, I don't know, I

can't say." On cross-examination he testified that "there was no separate acknowledgment taken; if there was one taken in there I don't remember anything about it, but I do remember he was not taken out of the room all right." "Mr. Jennings was present if I ain't mistaken." For the defendants Mr. W. P. Jennings testified: "Q. Was there any acknowledgment taken at that time by Mr. Powell of Mrs. Jennings, as to whether or not she executed that paper?" "A. There was not, sir." "Q. Mr. Jennings, where were you at the time Mrs. Jennings signed the paper?" "A. I was standing right by the table where she was sitting when she signed, the paper; I went in the room and told her that we had this mortgage for her to sign, and when we went in, I signed the paper first and got up, and then she sit down in the chair, and I stood right there by her until she signed it." "Q. Did you hand it to her and request her to sign it?" "A. Yes, sir." "Q. Did you stay present in the room until Kossie Powell left the house?" "A. I did, I left there with them." On cross-examination. "Q. Mr. Jennings, you and your wife signed that paper, didn't you?" "A. Yes, sir."

George S. Jennings for the defendants testified: "Q. Were you present all the time Mr. Powell was there?" "A. Yes, sir." "Q. Did Mr. Powell take any acknowledgment of Mrs. Jennings whatsoever?" "A. No acknowledgment whatever."

The defense is that the notary omitted to take an acknowledgment by the wife separate and apart from her husband. By plea it is averred "that neither of these defendants ever acknowledged the execution of the mortgage * * * and, that the certificate of K. K. Powell thereto attached is false." Assuming this to be a sufficient plea to require the defendant to show that the notary

public had the parties and the instrument before him for the purpose of taking their acknowledgment of the execution by them of the mortgage and that he executed the certificate pursuant to his duty under the law as an officer, this proof was made. Even if the plea may be regarded as averring fraud on the part of the officer in making the certificate so as to avoid the legal effect of the official certificate as made after the foregoing proofs of jurisdiction and action taken were adduced, and to permit the defendants to offer, over objections by the complainants, testimony in contradiction of the terms of the official certificate of the notary public, the testimony adduced is not clear, strong and convincing. The testimony for the defendants tends to show an omission not a fraud, and the omission to take the wife's acknowledgment separate and apart from her husband is not clearly shown. The notary testified that he took the acknowledgment of Mrs. Jennings and that he doesn't think Mr. W. P. Jennings, the husband, and Mr. Connell heard Mrs. Jennings say "I did," when he took her acknowledgment. This indicates that the acknowledgment was taken separate and apart from the husband who did not hear the wife's reply to the notary. The husband testified that he told his wife "that we had this mortgage for her to sign." Mr. Connell, the defendant's witness, and a witness to the mortgage, testified "I don't know. I can't say," when asked if the notary took an acknowledgment from Mrs. Jennings separate and apart from her husband; that Mr. Jennings was not taken out of the room. Mr. W. P. Jennings the husband and Mr. George S. Jennings the son testified that no acknowledgment was made to the notary by Mrs. Jennings. But this latter is negative testimony. Mrs. Jennings was not a witness and the circumstances are very different from those in

Lowell v. Wren, 80 Ill. 238. The notary's affirmative testimony as to what transpired between him and Mrs. Jennings with reference to a duty the law imposed upon him, taken in connection with the certificate and the circumstances showing an execution of the mortgage by both Mr. and Mrs. Jennings at the family home, and the further circumstance that the wife signed the mortgage knowing what it was, and that the practicability of an acknowledgment separate and apart from the husband in the same room is not negatived, the presumption that the officer did his duty and the legal effect of the certificate are not overcome by clear, strong and convincing testimony. This being so, the court erred in dismissing the bill of complaint. The subsequent proceedings need not be considered.

The decrees appealed from are reversed and the cause is remanded with directions to enter a decree of foreclosure against both the defendants.

TAYLOR, C. J., and SHACKLEFORD and ELLIS, JJ., concur.

COCKRELL, J., takes no part.