CLEMENTS NAVAL STORES COMPANY, A CORPORATION, W. G. CLEMENTS, J. L. McWILLIAMS, J. D. SIRMANS, R. C. REAMS AND J. B. MOZINGO, *Plaintiffs in Error*, v. J. S. BETTS COMPANY, A CORPORATION, *Defendant in Error*.

Opinion Filed January 19, 1923.

1. To impeach, or overcome statements contained in, the return of a sheriff, made under the sanction of official oath and responsibility, in whatever form assailed, requires clear and convincing proof.

2. A sheriff's return of due service of a summons in the manner prescribed by law is conclusive as to jurisdiction of parties, unless the same is impeached by satisfactory evidence.

A Writ of Error to the Circuit Court for Madison County; M. F. Horne, Judge.

Affirmed.

*W. B. Davis*, for Plaintiffs in Error;

*Wm. T. Hendry*, for Defendant in Error.

WEST, J.—This is a proceeding upon an affidavit of illegality of an execution under the statute (Sec. 2828, Rev. Gen. Stats. of Fla.). The decisive question is one of fact. The allegations of the affidavit are traversed by the plaintiff in execution. Upon a hearing the court sustained the traverse of the affidavit and entered judgment on the bond. To review this judgment writ of error was taken.

The question involved is whether service of summons ad respondendum was made upon the defendant in the suit. On the one hand it is denied that service was made, but on the other it was affirmed that service was duly made. The evidence submitted on the point is in conflict. For the satisfaction of the litigants and their counsel we might recite and analyze the evidence, but it is not conceived that to do so would be beneficial for any other purpose.

To impeach the return of a sheriff, made under the sanction of official oath and responsibility, clear and convincing evidence is required. Barnes v. Willis, 65 Fla. 363, 61 South. Rep. 828; Tidwell v. Witherspoon, 18 Fla. 282. Considering all the evidence in this case, it is not of the character required by this rule. On the contrary, the evidence is ample to sustain the findings of the court below.

Affirmed.

TAYLOR, C. J., AND WHITFIELD, ELLIS AND BROWNE, J. J., concur.