H. J. GREEN AND WILLIE GREEN, *Appellants,* v. FIRST NA-
TIONAL BANK OF MARIANNA, A CORPORATION, *Appellee.*

## Opinion Filed January 19, 1923.

1. The certificate of the officer as to the acknowledgment of the
   execution of a deed of conveyance or mortgage made before
   him is a quasi-judicial act, and where the person executing the
   instrument and the instrument are in fact before the officer,
   and he undertakes to act officially, the certificate of the offi-
   cer as to the transaction, when made as the law requires, is,
   in the absence of fraud or duress, conclusive as to the facts
   stated in the official certificate. When fraud is alleged, proof
   of it must be of the clearest, strongest and most convincing
   character.

2. Very clear and convincing evidence of fraud is required where
   the party charged with the fraud is dead.

An Appeal from the Circuit Court for Jackson County;
C. L. Wilson, Judge.

Affirmed.

*Jefferson D. Stephens,* for Appellants;

*Paul Carter,* for Appellee.

WEST, J.—From a final decree for complainant in a suit
to foreclose a mortgage on real estate an appeal was taken
to this court. There are a number of assignments of error
based upon rulings of the chancellor. They present ques-
tions of procedure alone and error is found in none of them.
Finding the equities to be with the complainant and enter-
ing final decree in favor of complainant are assigned as
error.

The mortgagors, defendants in the court below, are husband and wife. The complainants, so the bill alleges and the proof shows, became the owner of the indebtedness and the mortgage securing its payment by endorsement and assignment before maturity and for a valuable consideration. There was a decree pro confesso against the defendant husband. But no decree pro confesso having been entered against the wife, she answered the bill. The defense interposed by her answer is, first, that although she signed the mortgage, her signature being made by mark, she is unable to read and was misinformed as to the character and contents of the instrument, that she believed it to be a note and would not have signed it if she had known it to be a mortgage; and second, that the mortgaged property is defendants' homestead and the mortgage was not acknowledged by the defendant wife separate and apart from her husband.

It was proved that the officer who took the acknowledgment was dead at the time the evidence was taken. That the defendant husband was fully informed as to the character and contents of the mortgage and the nature of the transaction, is undisputed. The mortgagee testified, as a witness for complainant, that the defendant wife· was informed, before its execution, that the instrument was a mortgage, that she understood the nature of the transaction and that she acknowledged it separate and apart from her husband. She, on the other hand, testified, as a witness for defendants, that while she signed the mortgage she had not been informed and did not know that it was a mortgage on the homestead, and that it was not acknowledged separate and apart from her husband but in his presence. There was corroboration of her evidence upon the point that her acknowledgment was not separate and apart from her hus-

band, by the defendant husband and two others who were present when the mortgage was executed.

Upon the decisive question in the case there is conflict in the evidence. The evidence was taken before the chancellor who held in effect that the proof offered was insufficient to vitiate the instrument or impeach the certificate of the officer who took the acknowledgment.

In Bank of Jennings v. Jennings, 71 Fla. 145, 71 South. Rep. 31, this court said: ''The certificate of the officer as to the acknowledgment of the execution of a deed of conveyance or mortgage made before him, is a quasi-judicial act, and where the person executing the instrument and the instrument are in fact before the officer, and he undertakes to act officially, the certificate of the officer as to the transaction, when made as the law requires, is in the absence of fraud or duress, conclusive as to the facts stated in the official certificates. When fraud is alleged, proof of it must be of the clearest, strongest and most convincing character.'' This rule is well established in this jurisdiction. Hutchinson v. Stone, 79 Fla. 157, 84 South. Rep. 151; McClure v. American National Bank, 67 Fla. 32, 64 South. Rep. 427; Holland v. Webster, 43 Fla. 85, 29 South. Rep. 625; Shear v. Robinson, 18 Fla. 379; Hart v. Sanderson, 18 Fla. 103.

The evidence in this record is not of such character as to require a reversal of the decree. There is evidence to support it.

The decree is affirmed.

TAYLOR, C. J., AND WHITFIELD, ELLIS AND BROWNE, J. J., concur.