M. A. SMITH, as Liquidator, Bank of Wauchula, v. JOHN C. McEWEN, *et ux.*

161 So. 68.
Opinion Filed April 4, 1935.
Rehearing Denied May 10, 1935.

*Oxford & Cutts* for Appellant;

*W. W. Whitehurst,* for Appellees.

DAVIS, J.—This was a mortgage foreclosure case wherein

the plea of the defendants (which was a plea in the nature of confession and avoidance) sought to avoid the lien of a homestead mortgage upon the ground that the wife never did personally appear before the officer whose certificate of acknowledgment is shown appended to the mortgage sued upon.

The plea of the defendants was as follows: "COME NOW The Defendants, John C. McEwen and Virginia McEwen, in the above entitled cause, and for a plea to the Bill of Complaint filed herein say that long prior to the execution and delivery of the mortgage herein sought to be foreclosed the premises therein prescribed constituted the homestead of these defendants, who sustain each to the other the relation of husband and wife; and that these defendants, as husband and wife, together with their children, were actually residing upon said premises as their home and homestead prior to and at the time of the execution of the said mortgage and at all times hitherto, and that their said homestead constitutes less than one-half of an acre within the corporate limits of the City of Wauchula, Florida.

"These defendants aver that the defendant, Virginia McEwen, did not acknowledge before any officer authorized to administer oaths and take acknowledgments that she executed the said mortgage; and they aver that the defendant, Virginia McEwen, did not appear before any officer so authorized to administer oaths and take acknowledgments for the purpose of acknowledging the execution thereof; and these defendants say that the certificate of acknowledgment appearing upon the said mortgage is wholly false, fraudulent and untrue and that the defendant, Virginia McEwen, did not acknowledge the execution of said mortgage before the said officer purporting to take the said acknowledgment, nor did the defendant, Virginia McEwen,

ever appear in the presence of the said officer who pretended and purported to take the said acknowledgment for the purpose of acknowledging the execution thereof; and the defendants aver that the said mortgage is absolutely void and that the complainant has no lien thereunder.

"JOHN C. McEWEN,
"VIRGINIA McEWEN,
*"Defendants."*

The certificate of acknowledgment thus attacked reads as follows:

"STATE OF FLORIDA,
"COUNTY OF HARDEE.

"I, an officer authorized to take acknowledgments of deeds according to the laws of the State of Florida, duly qualified and acting, HEREBY CERTIFY that John C. McEwen and Virginia McEwen to me personally known, this day personally appeared and acknowledged before me that they executed the foregoing mortgage, and I FURTHER CERTIFY that I know the said person making said acknowledgment to be the individual described in and who executed the said mortgage.

"AND I FURTHER CERTIFY that said Virginia McEwen is known to me to be the wife of said John C. McEwen and that she this day personally appeared and acknowledged before me, separately and apart from her husband, that she executed the said mortgage freely and voluntarily and without compulsion, constraint, apprehension or fear of or from her husband, for the purpose of relinquishing and conveying all her right, title and interest in the property therein described, whether of dower or separate estate.

"IN WITNESS WHEREOF, I hereunto set my hand and official seal at Wauchula, said County and State, this 25th day of September, A. D. 1928.

"EDITH WILSON,
*Notary Public, State at Large.*
My Commission Expires July 12, 1931."

When the case was here before upon the first appeal herein (McEwen v. Schenck, 108 Fla. 119, 146 Sou. Rep. 839), it was considered by this Court in the light of the Chancellor's decree then before this Court which recited:

" '* * * from the Court's interpretation of the decision in the case of Herald v. Hardin, 116 Sou. Rep. 863, announcing the rule that the certificate of acknowledgment of a married woman to a deed or mortgage is conclusive against her in the absence of fraud or duress, the Court finds, therefore, that it is concluded by this rule from a consideration of the weight of sufficiency of the introduced evidence to impeach the acknowledgment.' "

Previous to the foregoing recital the Chancellor had stated in his final decree that "substantial evidence has been introduced to show that the wife did not appear before or in the presence of the Notary who took the acknowledgment." So the result of what the Chancellor had said was that he would decide the case against the defendants without weighing or considering the testimony at all, one way or the other, on the theory that the rule of law referred to by him precluded his doing so. All that this Court did on the first appeal was to reverse the Chancellor on a point of procedure and remand the case to the court below to be determined by the Chancellor in the light of the legally applicable rules of law, and not through an erroneous discarding of a portion of the evidence which the

law required him to give his judicial opinion upon in order to arrive at a final decree by *legal methods.*

Neither the decision on the previous appeal nor the mandate ever undertook to go further than to reverse and remand the case for appropriate proceedings. By appropriate proceedings, as the opinion on that appeal affirmatively shows, was meant a legal and a judicial consideration of the evidence adduced under the averments of the plea—not an arbitrary deletion of it on the theory that it could not be legally considered at all. See McEwen v. Schenck, 146 Sou. Rep. text page 841 (*supra*).

Such reversal was in line with the previous holdings of this Court which are to the effect that, while the Supreme Court is not concerned with the mere *reasons* given by a *nisi prius* court for arriving at a proper and correct decision, and will not reverse a correct result merely because the court below assigned as a ground for reaching it, an incorrect reason for its conclusions (Warren v. Warren, 66 Fla. 138, 63 Sou. Rep. 726; Adams v. American Ag. Chem. Co., 78 Fla. 362, 82 Sou. Rep. 850; Dunnellon Phosphate Co. v. Crystal River Lbr. Co., 63 Fla. 131, 58 Sou. Rep. 786; Bell v. Niles, 61 Fla. 114, 35 Sou. Rep. 392), yet the Supreme Court *will* and should reverse a judgment or decree that has demonstrably resulted from the Judge's misconception of rules of law in their application to the particular facts offered in evidence in a case, as where it is made to appear that such misconception of an applicable rule of law probably resulted in the rendering of a particular decree or judgment that, without such misconception, might not have been suffered by the complaining party. Schmitt v. Bethea, 78 Fla. 304, 82 South. Rep. 817; Atlantic Shores Corp. v. Zetterlund, 103 Fla. 761, 138 Sou. Rep. 50 (text 55) ; Earle v. Detroit & Security Trust Co.,

103 Fla. 618, 138 Sou. Rep. 65 (text 69) ; Parry v. Walker, 103 Fla. 533, 137 Sou. Rep. 711 (text 714).*

In the present case it appears that after the cause had been referred to a special master there was testimony of the bank officials showing the amount due on the mortgage and showing an agreement made for the application of two payments to apply to costs and as a credit on attorney's fees, and showing the balance due on the mortgage, and that the same was held by the receiver, being found in the bank's papers when the bank was taken over for the purpose of liquidation.

For the defendants, both husband and wife testified that the mortgage was signed by both parties at their home in Wauchula and that there was no notary present. Mrs. McEwen testified that she never at any time went before the notary to acknowledge and never did acknowledge before the notary the execution of such mortgage. She also testified that she used black ink at her home in her correspondence and that the ink that was used in signing at her home was not the same ink used by the witnesses to the mortgage. The husband testified that he received the mortgage at the bank and carried it to his home for his wife's signature, and both signed it there.

The notary public whose certificate appears on the mortgage testified that the defendants did appear separately before her at the bank, the husband coming in first, and afterwards the wife, and each made a proper acknowledgment of the execution of the mortgage, and that she remembered

---

*When a trial judge or chancellor indicates that through his own misapprehension or misconception of an applicable rule of law he has decided a case in a particular way, this is as effective ground for reversal as his misdirection of a jury by which it has reached a particular result through application of an erroneous rule of weighing the evidence, would be.

the circumstances, because, while she was acquainted with Mrs. McEwen, she had not previously witnessed or taken an acknowledgment of a paper for Mrs. McEwen.

Since the reversal on the first appeal was for a study and weighing by the Chancellor of that evidence which he had theretofore refused to consider at all, as his first decree expressly recited, the present appeal brings up the question whether or not the evidence adduced legally supports the Chancellor's findings in favor of the defendants *on the merits of their plea.*

The plea being one in the nature of a plea in confession and avoidance, in that it confessed the signing of the mortgage by both husband and wife, as well as confessed the fact that the notary's certificate of acknowledgment appended thereto had been actually made out and attached to the controverted mortgage by one who was a proper officer and entitled in law to make a certificate of that character, the burden of establishing a factual basis for the legal avoidance of such certificate of acknowledgment (by showing that it was in effect a pure fabrication by the officer who executed it) rested upon the defendants interposing the plea in this case.

Indeed the gist of the allegation of the defendant's plea is to be found in its specific charge that "the certificate of acknowledgment appearing upon the said mortgage is wholly false, fraudulent and untrue" in that the defendant, Virginia McEwen, never did appear in the presence of said officer who purported to take and attest her acknowledgment.

Such a charge as was pleaded could only be sustained by clear, satisfactory and convincing evidence sufficient to establish that the notary public's certificate of acknowledgment was in its recited *jurisdictional* facts, wholly false, fraudulent and untrue, and therefore a legal nullity. To

carry this burden, the mortgagors were entitled to offer in evidence and have considered in support of their plea their own testimony alone. But the testimony of the mortgagors when so offered is to be regarded as presumptively rebutted by the recitals of the certificate of acknowledgment when such certificate recites the jurisdictional fact of the acknowledging parties' personal appearance before the officer. And the certificate of acknowledgment may be supported by the suppletory testimony under oath of the disinterested notary public who certified at the time, under the sanction of an official oath of office, that he or she took the acknowledgment only when the parties were in the officer's official presence, as recited in the official certificate.

The certificate of acknowledgment of an officer as to the acknowledgment of a deed of conveyance or mortgage made before him is a *quasi* judicial act, and where the person executing the instrument and the instrument are in fact before the officer, and he undertakes to act officially, the certificate of the officer as to the transaction, when made as the law requires, is, in the absence of fraud or duress, *conclusive* as to the facts stated in the official certificate. When fraud is alleged, proof of it must be of the clearest, strongest and most convincing character. Green v. First Nat. Bank, *supra;* Shea v. Robinson, 18 Fla. 379. But the foregoing rule of law applies only to a certificate made under circumstances when the party acknowledging and the instruments acknowledged were admittedly before the officer so as to give him jurisdiction. As a corollary to the foregoing rule is the rule announced in Herald v. Hardin, 95 Fla. 859, 116 Sou. Rep. 863, relating to the character and weight of evidence required to impeach a certificate of acknowledgment made within the rule.

The rule declared in Herald v. Hardin, *supra,* is to the

effect that, as a matter of evidence, the testimony of the parties alone is not to be regarded as legally satisfactory and sufficient to overthrow a *prima facie* valid certificate of acknowledgment to a deed or mortgage purporting to have been executed and acknowledged by such parties in accordance with law. The stated rule is in line with the overwhelming weight of authority on the subject, and has never been expressly or impliedly overruled in this State. On the contrary, it has been often followed and applied in this jurisdiction. See Baylarian v. Tunnicliffe, 105 Fla. 484, 141 Sou. Rep. 609; Morris v. Sheppard, 104 Fla. 121, 139 Sou. Rep. 189; Hart v. Sanderson's Adm'rs, 18 Fla. 103, Shear v. Robinson, 18 Fla. 379; Rausch v. Equitable Life Assur. Society, 77 Fla. 846, 82 Sou. Rep. 295; Hutchinson v. Stone, 79 Fla. 157, 84 Sou. Rep. 151; Bank of Jennings v. Jennings, 71 Fla. 145, 71 Sou. Rep. 31; Green v. First Natl. Bank, 85 Fla. 51, 95 Sou. Rep. 251. Compare Albany County Sav. Bank v. McCarty, 149 N. Y. 71, 43 N. E. Rep. 427.

The rule of Herald v. Hardin, *supra,* is not, however, a rule of law applicable where there is an issue raised as to the officer's jurisdiction to take the acknowledgment certified to. It does not, as the Chancellor decided in his first decree in this case (which we reversed for that reason) amount to a rule of law constituting a legal estoppel that closes out of all consideration the evidence of the parties alone as to whether or not they in fact ever appeared before the acknowledging officer.* On the contrary, the rule for deciding an issue of jurisdiction as against the jurisdictional recitals of a certificate of acknowledgment is analogous to that which obtains when at attempt is made to de-

---

*Such (for example) as the rule which forbids party to attempt to show a contemporaneous parol agreement to alter or vary a written one.

feat jurisdiction over a party's person by impeaching a sheriff's return showing the service of process on such party. It is generally held that where a sheriff's return has been under the sanction of the officer's official oath and responsibility that it cannot be impeached except by clear, convincing evidence* whether by the parties alone or otherwise.

. So the defendants below had the burden of showing by clear, convincing and satisfactory evidence that their plea was true in its allegation that the notary's recital of jurisdiction contained in her certificate of acknowledgment was wholly "false, fraudulent and untrue" in that the wife, Virginia McEwen, never did appear before such notary to acknowledge the instrument and never did in fact acknowledge it as the certificate purports to substantiate as a fact.

. The jurisdictional recitals in an officer's certificate of acknowledgment of a deed or mortgage should be regarded by the courts as being as conclusive as a sheriff's return of actual service of process on a party. This is so, because it is made under the statute on the sanction of the official oath and responsibility of the officer who makes it. Section 5700 C. G. L., 3824 R. G. S. Notaries public are constitutionally recognized officers of this state. Section 15 of Article XVI, State Constitution. They are appointed by the Governor pursuant to statute and must give bond and take oath of office before being commissioned as officers and entering upon the performance of their duties as such. Section 479 C. G. L., 413 R. G. S.

To impeach, or overcome statements contained in the return of a sheriff, made under the sanction of official oath and responsibility, in whatever form assailed, requires clear and convincing proof—the return of due service being con-

---

*See Clements Naval Stores Co. v. Betts Co., 85 Fla. 49, 95 Sou. Rep. 126; Barnes v. Willis, 65 Fla. 365, 61 Sou. Rep. 828.

clusive *as to jurisdiction of the parties* unless the same is impeached by legally satisfactory evidence. Clements Naval Stores Co. v. Betts Co., 85 Fla. 49, 95 Sou. Rep. 126.

On the same principle, and for the same reasons, the recital found in a notary public's certificate of acknowledgment of a deed or mortgage setting forth the jurisdictional fact that a named person personally appeared before such notary public for the purpose of acknowledging the instrument to which the certificate relates (thereby purporting to show jurisdiction over the named party by the attesting officer) must be regarded as conclusive on the subject of the officer's jurisdiction to make the certificate, unless the same is impeached by clear, convincing and satisfactory evidence to the same extent that evidence would be required to impeach a sheriff's return, if assailed under like circumstances.

So where the issue is made as to whether or not the acknowledging party and the instrument certified as acknowledged were actually in the presence of the officer at the time of an alleged acknowledgment, so as to give the officer jurisdiction, and to make and attach to it a proper form of certificate of acknowledgment, the recitals in the certificate of acknowledgment purporting to show the acknowledging party's personal appearance before the attesting officer, are of as conclusive force and effect on the question of the acknowledging officer's jurisdiction to take the acknowledgment and make the certificate, as are the statements contained in the return of a sheriff, made under the sanction of official oath and responsibility, purporting to show actual personal service of a summons in the manner prescribed by law, as was held by this Court on the latter subject in Clements Naval Stores Co. v. Betts Co., *supra*.

Sheriffs' returns and recitals in certificates of acknowl-

edgment are required for the purpose of affording evidence of the jurisdictional facts to which they severally pertain. Both are made by sworn officers of the State while acting under the sanction of official oath and responsibility in making them. It is therefore proper to hold as to both that in order to impeach, or overcome statements contained in either, in whatever form, requires clear, convincing and satisfactory evidence—a quantum of evidence that cannot ordinarily be made out by the testimony of the interested parties alone offered in contradiction of the sworn return or recital of an official certification to the contrary.

As it is evident from the record that the Chancellor in reaching his conclusions expressed in the final decree appealed from in this case did not consider and weigh the evidence adduced before him, in the light of the foregoing principles of law which we hold should be applied to a situation such as was presented by the issues of fact raised in this case, the decree appealed from should be reversed on the authority of what was said in Schmitt v. Bethea, 78 Fla. 304, 82 Sou. Rep. 817 (third headnote), wherein it was pointed out by this Court that where a Chancellor's findings of fact have likely resulted from a misconception of the law applicable to the weighing of the facts, the resultant decree may be so harmful to the appellant as to require a reversal for a reconsideration of the probative weight of the evidence in the light of these rules of law which an appellate court has decided is the law of the case to be applied to any decision of it by the court of first instance.

The decree appealed from is reversed without prejudice to a reconsideration of the case on its merits insofar as the facts are concerned with directions to rehear and redetermine such facts in a manner not inconsistent with this

opinion and thereupon to enter a proper decree in the premises.

Reversed and remanded with directions.

WHITFIELD, C. J., and TERRELL and BROWN, J. J., concur.

ELLIS and BUFORD, J. J., dissent.

ELLIS, P. J. (dissenting).—I concur in the statement of fact relating to the proceedings. in this case, and views expressed by Mr. Justice BUFORD in his dissenting opinion.

I admit that a certificate of acknowledgment of the execution of a deed by a married woman as made by a duly appointed notary public, whose commission has not expired and who has not vacated the office, carries with it *prima facie* verity as to the jurisdictional fact of the presence of the married woman before the notarial officer when the recited acknowledgment occurs; that *prima facie* verity of the certificate of the officer as to the factual recitation showing jurisdiction, that is to say, presence of the married woman before him; derives its quality of verity from the seal of the officer and from the mere fact that the officer is under oath when he makes the certificate. Obviously, therefore, his subsequent oath as a witness when he testifies that the married woman did in fact appear before him as recited in the certificate does not and cannot add one iota of proof to the existence of the fact recited in the certificate. There is no more virtue in two oaths by the officer than in one.

The rule is that the certificate with the seal of office is usually *prima facie* evidence of the facts stated. See Fogarty v. Finlay, 10 Cal. 239, 70 Am. Dec. 714.

The presumption thus raised, however, is not conclusive but may be rebutted by any competent evidence showing that the certificate is false. See Moore v. Hopkins, 83 Cal. 270, 23 Pac. Rep. 318, 17 A. S. R. 248.

In Minor v. State, 55 Fla. 77, 46 South. Rep. 297, this Court said: "Whatever sanctity may be attached to a notary's certificate, where one is authorized by law to be made, we know of no authority which attaches sanctity to an alleged extra-judicial affidavit such as the one we are considering."

This Court has held that a notary's certificate of acknowledgment of the execution of a deed is a quasi judicial act, but before the certificate of acknowledgment becomes conclusive, except as to an attack on the ground of fraud or duress, the person executing the instrument and the instrument must be in fact before the officer. See Green v. First Nat. Bank, 85 Fla. 51, 95 South. Rep. 231; Randall v. Twitchell, 98 Fla. 559, 124 South. Rep. 21; Hall v. Forman, 94 Fla. 682, 114 South. Rep. 560; Bank of Jennings v. Jennings, 71 Fla. 145, 71 South. Rep. 31.

When the jurisdictional fact is established the remainder of the certificate is the certificate of acknowledgment. To that part of the certificate the words of this Court apply that the certificate in the absence of fraud is conclusive and the attack upon it for fraud or duress must be sustained by clear and convincing evidence before it is effective, but they do not apply to the recitation of the fact of the presence of the person executing the instrument.

In the case of Van Eepoel Real Estate Co. v. Sarasota Milk Co., 100 Fla. 438, 129 South. Rep. 892, this Court recognized that distinction in saying that "when the notary acts within his jurisdiction" his certificate of acknowledgment is conclusive of the facts and acts recited and cannot be questioned collaterally. See 1 Devlin on Deeds, 3 Ed. Sec. 532; Borland v. Walrath, 35 Iowa 130.

The issue of fact was duly presented by the plea. The presence of Mrs. McEwen before the notary was denied.

That plea was supported by both her testimony and that of her husband and corroborated by the circumstance that the ink in the writing was of a different color from that used by her usually.

The Chancellor found from the evidence presented that the notary did not have jurisdiction of the parties when the purported acknowledgment was made. The record does not disclose that the Chancellor erred. Therefore his finding and decree should not be disturbed. I think the decree should be affirmed.

BUFORD, J., concurs.

BUFORD, J. (dissenting).—This case was before this Court in the style of McEwen v. Schenck, 108 Fla. 119, 146 Sou. 839.

The record shows that the opinion and judgment of this Court was filed on January 18th, 1933, and that the mandate was issued on the 25th day of February, 1933.

On the mandate being filed in the court below the Honorable W. J. Barker, Judge, entered a final decree in words and figures as follows, to-wit:

"The foregoing cause came on to be finally heard before the Court, a Final Decree heretofore entered by the Court having been reversed and set aside on appeal to the Supreme Court of the State of Florida; and said cause being now before the Court for consideration of the weight and sufficiency of the testimony in this cause upon the question of whether the Notary Public whose certificate of acknowledgment appears upon the mortgage sought to be foreclosed had jurisdiction to make such certificate by having the married woman, whose purported acknowledgment is attacked by a Plea of the defendants in this cause, present; and the Court, having considered the testimony, is of the opinion that the weight of the evidence in this case

is in support of the Plea of the Defendants, *and the Court is of the opinion that the testimony in this case sufficiently shows that the Notary Public who took and certified the acknowledgment upon the mortgage sought to be foreclosed did not have jurisdiction to make such certificate for the reason that Virginia McEwen, wife of the defendant, John McEwen, was never in the presence of such officer for the purpose of acknowledging the execution of such mortgage and the testimony of the defendants in this cause to that effect is supported and corroborated by other circumstances which the Court has fully considered.* It appears that the property in question is the homestead property of the defendants, and that the mortgage, in the absence of a valid acknowledgment by the married woman, is void. It follows that the Bill of Complaint should be dismissed at the cost of the complainant, and it is 'so ordered and decreed; In Term at Wauchula, Florida, this 29th day of March, A. D. 1933." (Italics supplied.)

Thereafter, an order was made substituting M. A. Smith as Liquidator of the former plaintiff, Arthur C. Schenck as Receiver of the Bank of Wauchula, and, thereupon, appeal was entered from that final decree.

Questions presented on this appeal are questions which were presented, or could have been presented, on the former appeal in this case.

The record shows that the mandate was filed in the court below on February 27th, 1933, and no further steps were taken in the cause until the Chancellor entered his final decree on March 29th, 1933, in conformity with the opinion and judgment of this Court in that case. The decree of the Chancellor, *supra,* shows in terms that he weighed and considered all the evidence upon which the decree is based, both pro and con.

The opinion and judgment rendered by this Court on the former appeal became the law of the case on the record as then presented and nothing has been done to change that record except the entry of the final decree in conformity with that opinion and judgment after a full consideration of the evidence touching the point involved. We cannot say that the Chancellor's findings as expressed in the decree are without substantial foundation. Therefore, I think the decree should now be affirmed.

## On Petition for Rehearing.

Brown, J.—On petition for rehearing, it is contended that the opinion of the Court heretofore rendered lays down the rule that the testimony of the parties alone cannot be sufficient to overcome the recitals in the certificate of acknowledgment of the jurisdictional fact of the acknowledging party's personal appearance before the officer, and that this holding is erroneous and not sustained by our previous decisions.

I do not so understand the meaning and effect of the opinion concurred in by a majority of the Court in this case. It was not the intention of the Court, in the opinion written by Mr. Justice Davis, and concurred in by a majority of the Court, as I understand that opinion, to hold that in no case could the testimony of the parties to the instrument be accepted as sufficient to prove that the certificating officer was without jurisdiction to take the acknowledgment because of the fact that the party or parties whose acknowledgment he is supposed to have taken was not as a matter of fact personally present before him.

The gist of the opinion is that an acknowledgment certified by a duly authorized officer, valid and regular on its face, is presumptively valid and sufficient, and that where

it is sought to be impeached on the ground that the officer was without jurisdiction because the party in fact never appeared before him, this can only be done by clear, convincing and satisfactory evidence, "whether by the parties alone or otherwise," thus applying the same rule that is well established where a sheriff's return, made under the sanction of his official oath and responsibility, is sought to be impeached.

In the petition for rehearing, counsel for appellees contend that the majority opinion of the Court in this case fails to distinguish between the class of cases involving an attack upon the truth of the facts certified to in the acknowledgment, other than the jurisdictional fact of the presence of the parties before the officer who took the acknowledgment, and that class of cases where the presence *vel non* of the party before the officer taking the acknowledgment is involved, and that this confusion of the two classes of cases has resulted in the holding in this case that the testimony of the parties to the instrument is presumed to be rebutted by the recitals in the certificate of the acknowledgment without excepting the judicial fact of the presence of the parties, thereby predetermining the weight and sufficiency of the evidence of the parties in a reconsideration of the cause by the lower court.

While there are some clauses in the opinion which standing alone, and segregated from their context might possibly lead to this impression, I do not think that the able opinion of Mr. Justice DAVIS, expressing the view of a majority of the court, when considered as a whole, is subject to this criticism. The following quotation from the opinion of Mr. Justice DAVIS, I think, disposes of this contention:

"The certificate of acknowledgment of an officer as to the acknowledgment of a deed of conveyance or mortgage

made before him is a *quasi* judicial act, and where the person executing the instrument and the instrument are in fact before the officer, and he undertakes to act officially, the certificate of the officer as to the transaction, when made as the law requires, is, in the absence of fraud or duress, *conclusive* as to the facts stated in the official certificate. When fraud is alleged, proof of it must be of the clearest, strongest, and most convincing character. Green v. First Nat. Bank, *supra;* Shen v. Robinson, 18 Fla. 397. But the foregoing rule of law applies only to a certificate made under circumstances when the party acknowledging and the instrument acknowledged were admittedly before the officer so as to give him jurisdiction. As a corollary to the foregoing rule is the rule announced in Herald v. Hardin, 95 Fla. 889, 116 So. 865, relating to the character and weight of evidence required to impeach a certificate of acknowledgment made within the rule."

"The rule declared in Herald v. Hardin, *supra,* is to the effect that, as a matter of evidence, the testimony of the parties alone is not to be regarded as legally satisfactory and sufficient to overthrow a *prima facie* valid certificate of acknowledgment to a deed or mortgage purporting to have been executed and acknowledged by such parties in accordance with law. The stated rule is in line with the overwhelming weight of authority on the subject, and has never been expressly or impliedly overruled in this state. On the contrary, it has been often followed and applied in this jurisdiction." (Citing numerous cases.)

"The rule of Herald v. Hardin, *supra,* is not, however, a rule of law applicable where there is an issue raised as to the officer's jurisdiction to take the acknowledgment certified to. It does not, as the Chancellor decided in his first decree in this case (which we reversed for that reason)

amount to a rule of law constituting a legal estoppel that
closes out of all consideration the evidence of the parties
alone as to whether or not they in fact ever appeared be-
fore the acknowledging officer. On the contrary, the rule
for deciding an issue of jurisdiction on as against the juris-
dictional recitals of a certificate of acknowledgment is anal-
ogous to that which obtains when an attempt is made to de-
feat jurisdiction over a party's person by impeaching a
sheriff's return showing the service of process on such party.
It is generally held that where a sheriff's return has been
made under the sanction of the officer's official oath and re-
sponsibility, it cannot be impeached except by clear, con-
vincing evidence, whether by the parties alone or other-
wise."

There is much to be said in behalf of appellees' conten-
tion that on the findings of fact already made by the Chan-
cellor, the decree appealed from should be now affirmed,
but the majority of the Court are of the opinion, that,
without attempting in any way to influence the Chancellor's
action, it is proper and advisable under all the circumstances
to remand the cause for a reconsideration by the Chan-
cellor in the light of the rules of law announced in the
opinion. If, after having so done, the Chancellor reaches
the conclusion that the evidence in this case in support of
the plea of the defendants, is clear, convincing and satisfac-
tory to the effect that the notary public who took the ac-
knowledgment upon the mortgage sought to be foreclosed
did not have jurisdiction to make such certificate for the
reason that the wife of the defendant, John C. McEwen,
was never in the presence of such officer for the purpose of
acknowledging the execution of such mortgage, the Chan-
cellor would of course render a decree to the same effect
as the one appealed from; but if he does not so find, his de-

cree of course should be to the contrary and the foreclosure case should proceed.

I concur therefore with the majority in holding that the petition for rehearing should be denied.

WHITFIELD, C. J., and TERRELL, and DAVIS, J. J., concur.

ELLIS, and BUFORD, J. J., concur specially.

BUFORD, J. (concurring specially).—In view of what has been said in the opinion prepared by Mr. Justice Brown as a basis for denial of petition for rehearing, and which I understand meets and expresses the views of a majority of the Court, I can not understand why or on what theory the decree of the learned Chancellor is reversed. In that decree the Chancellor says:

"Said cause being now before the court for consideration of the weight and sufficiency of the testimony in this cause upon the question of whether the Notary Public whose certificate of acknowledgment appears upon the mortgage sought to be foreclosed had jurisdiction to make such certificate by having the married woman, whose purported acknowledgment is attacked by a Plea of the defendants in this cause, present; and the court having considered the testimony, is of the opinion that the weight of the evidence in this case is in support of the Plea of the defendants, and the court is of the opinion that the testimony in this case sufficiently shows that the Notary Public who took and certified the acknowledgment upon the mortgage sought to be foreclosed did not have jurisdiction to make such certificate for the reason that Virginia McEwen, wife of the defendant, John C. McEwen, was never in the presence of such officer for the purpose of acknowledging the execution of such mortgage and the testimony of the defendants in this cause to that effect is supported and corroborated by other circumstances which the Court has fully considered."

What more can the Chancellor say other than to insert a few adjectives in the statement of his findings which he has already made? It appears to me, as I stated in my dissenting opinion filed April 4, 1935, that the Chancellor has already determined the case in accordance with the law of the case, as enunciated in the majority opinion rendered in disposing of the case on first appeal (McEwen v. Schenck, 108 Fla. 119, 146 Sou. 839), but I am convinced that a rehearing would avail nothing and, therefore, am willing that it be denied.

ELLIS, J., concurs.