O. S. W. JENSEN and GERTRUDE JENSEN v. MICHAEL R. SKIBISKI.

28 So. (2nd) 328                                    June Term, 1946

December 6, 1946                               Special Division B

Rehearing denied January 11, 1947

*Worley, Gautier & Cannon,* and *R. B. Gautier, Jr.,* for appellants.

Thomas H. Anderson, for Appellee.

BUFORD, J.:

By agreement dated February 14th, 1945 O. S. W. Jensen and Gertrude Jensen, husband and wife, agreed to sell and Edna Bailey agreed to buy a certain described piece of real estate in Dade County, Florida, for a consideration of $6,500.00 to be paid in cash on approval of title. $650.00 was paid at time of execution of contract which sum was to be applied on purchase price at closing. Transaction was to be closed in thirty days after delivery of abstract by vendor to vendee. The contract ran to the heirs, assigns and nominees of Edna Bailey.

By contract dated the 1st day of March, 1945, Edna Bailey, being joined by her husband Stanley M. Bailey, assigned all her right, title and interest in the contract to Michael R. Skibiski. On March 9, 1945, P. L. Watson, who was acting as real estate broker in the transaction between the Jensens and Mrs. Bailey, notified Mr. Jensen in writing that the assignee was ready and willing to close the deal to pay the balance of the purchase price and to receive the deed from the Jensens. The Jensens declined to convey and continued to refuse to abide by the contract and convey the property until September 8th, 1945, when Skibiski filed his bill of complaint seeking specific performance of the contract. The Jensens answered the bill alleging in effect that Watson had

perpetrated a fraud on them, causing them to enter into the agreement to sell the property for less than its actual then market value. They alleged that Watson had no authority from Edna Bailey to execute the contract in her behalf and also alleged that Edna Bailey was not a bona fide purchaser but was used as a dummy by Watson for the purpose of obtaining a contract for the sale of the property and also alleged that there was no mutuality of agreement or mutuality of remedy between the parties to the contract. It alleged that the contract was actually signed on February 18th, though it was dated February 14th, as was also the acknowledgment to the contract.

The bill nowhere alleges that Michael Skibiski had any knowledge of any irregularity or fraud in the procuring of the contract.

After taking the testimony, the Chancellor first entered a decree dismissing the bill but, on rehearing granted, he vacated that decree and entered a decree for specific performance. It appears probable that the first decree was entered by the Chancellor because of the fact that he had referred to copy of the sale contract which appeared in the record and which copy did not show the acknowledgment by the Jensens, but on rehearing the contract which Skibiski relied on was brought to the Chancellor's attention and upon inspection it was observed that this contract showed on its face it had been properly acknowledged by the parties.

From the final decree the defendants appealed and have presented three (3) questions for our consideration. The first question presented by appellants is as follows:

"Will a court of equity award specific performance of a contract for the sale of land, when the uncontradicted evidence reveals that a real estate agent procured the seller's signature on the contract under misrepresentation as to the actual purchaser and under the further misrepresentation that the higher price obtainable was $6,500.00, when in truth and in fact the property had been sold for $7,000.00?"

The second question is as follows:

"Will a court of equity enforce the specific performance of a written contract for the sale of real estate, when the only

contract delivered to the seller is one signed and executed by the real estate broker as agent for the purchaser, when in truth and in fact the said real estate broker had no authority whatever to sign as agent for the purchaser?"

It is not necessary for us to discuss either of these questions because the record does not establish facts to constitute a basis for such questions.

The third question is:

"Will a court of equity enforce the specific performance of a written contract for the sale of real estate when the evidence shows that there was no acknowledgment of the wife of the seller taken or any oath given at the time of the execution of the contract?"

The acknowledgment which appears on the sale contract appears to have been executed by P. L. Watson, Notary Public for the State of Florida at large, whose commission expires on March 4th, 1947, and was under the seal of such Notary Public. It was in proper legal form as to both husband and wife.

We have held:

"The certificate of the officer as to the acknowledgment of the execution of a deed of conveyance or mortgage made before him in a quasi-judicial act, and where the person executing the instrument and the instrument are in fact before the officer, and he undertakes to act officially, the certificate of the officer as to the transaction, when made as the law requires, is, in the absence of fraud or duress, conclusive as to the facts stated in the official certificate. Green v. First Nat. Bank, 85 Fla. 51, 95 So. 231; Randall v. Twitchell, 98 Fla. 559, 124 So. 21; Hall v. Lewis, 94 Fla. 682, 114 So. 560; Jennings Bank v. Jennings, 71 Fla. 145, 71 So. 31; Hutchinson v. Stone, 79 Fla. 157, 84 So. 151. See Robinson v. Bruner, 94 Fla. 794, 114 So. 556."

And also,

"There being no fraud or duress, a notary's certificate of acknowledgment in the form prescribed by law, when the notary acts within his jurisdiction, is conclusive of the facts and acts recited, and can not be questions collaterally. Van

Eopel Real Estate Co. v. Sarasota Milk Co., 100 Fla. 438, 129 So. 892." (Ency. Dig. Fla. Rep. Vol. 1, page 45).

In Hall v. Lewis, 94 Fla. 682, 114 So. 560, we held in effect that a bona fide purchaser without notice of fraud connected with the acknowledgment will be protected against the fraud which may have been committed.

If there was any fraud in this case (and we think no legal fraud has been made to appear) the record does not show that Skibiski had any knowledge of, or participated therein.

We have found no reversible error reflected by the record and, therefore, the decree is affirmed.

So ordered.

CHAPMAN, C. J., THOMAS and BARNS, JJ., concur.