SMITH, Chief Judge.
The defendant in this negligence action appeals a final judgment of nonsuit upon a finding that a plaintiff has the privilege of taking an involuntary non-suit as a matter of right. Subsequent to this finding of the trial court we determined that a plaintiff is not entitled to take a nonsuit as a matter of right. Cook v. Lichtblau, Fla.App.1965, 176 So.2d 523. Opinion filed May 28, 1965. Since it affirmatively appears that the court’s order was based upon a misconception of a controlling principle of law, we reverse and remand the cause. This leaves remaining for our determination only the question of directions for further proceedings.
*340 After presenting liis case in chief the plaintiff rested; defendant moved for a directed verdict and the court announced that it would grant defendant’s motion; whereupon, plaintiff announced that he took an involuntary nonsuit. Defendant objected to the announced nonsuit and moved for dismissal with prejudice. The court specifically found that plaintiff was entitled to take an involuntary nonsuit as a matter of right. It is apparent therefore that the court did not treat the plaintiff’s motion for nonsuit as a motion for voluntary dismissal in accordance with our further holding in the Cook case, supra. By acting on the misconception that plaintiff was entitled to a nonsuit as a matter of right, the court did not exercise any of the judicial discretion vested in it by Fla.R.C.P. 1.35, 30 F.S.A. The record on appeal does not contain the plaintiff’s evidence or the testimony excluded by the court’s ruling which started the series of events resulting in plaintiff’s announcement that he took an involuntary nonsuit. Therefore, we are unable to review the order appealed as one treating plaintiff’s motion for nonsuit as a motion for voluntary dismissal.[1] We therefore remand[2] with directions to the trial court to consider plaintiff’s motion for nonsuit as a motion for voluntary dismissal and then in the exercise of its sound judicial discretion either (1) dismiss the cause without prejudice and on such terms and conditions as shall be proper,[3] (2) dismiss the action with prejudice on defendant’s motion, or (3) in the event he now concludes that both motions should have been denied and that ruling should have been reserved on defendant’s motion for directed verdict declare a mistrial.[4]
Reversed.
ANDREWS, J., and McNATT, JOHN M., Associate Judge, concur.

. “Where the trial court allows the plaintiff to dismiss his action without prejudice, the judgment, of course, qualifies as a final judgment for purposes of appeal. Ordinarily, though, plaintiff cannot appeal therefrom, since it does not qualify as an involuntary adverse judgment so far as the plaintiff is concerned. If the defendant has resisted plaintiff’s motion to dismiss without prejudice, the defendant can, of course, appeal from the dismissal; hut he is not entitled to a reversal unless he can show that the trial court failed to exercise or abused its discretion, or exorcised an unpermitted discretion. When defendant makes such a showing he is entitled to a reversal.” 5 Moore’s Federal Practice, Par. 41.05 [3].

. This is similar to the procedure followed in Green v. Putnam, Fla.1957, 93 So.2d 378; Knight v. City of Miami, 1937, 127 Fla. 585, 173 So. 801; Smith v. McEwen, 1935, 119 Fla. 588, 161 So. 68.

. A motion for voluntary dismissal by plaintiff after he has rested and the defendant has moved for a directed verdict is not favorably regarded and a strong showing is necessary to warrant a voluntary dismissal at that late stage. Cook v. Lichtblau, supra at note 23, citing 2B Barron and Holtzoff, Federal Practice and Procedure, § 912; 5 Moore’s Federal Practice, Par. 41.05 [1].

. Cf. Diamond v. United States. 5 Cir. 1959, 267 F.2d 23 (cert. denied, 1959, 361 U.S. 834, 80 S.Ct. 85, 4 L.Ed.2d 75) (dismissal without prejudice entered day before case listed for trial without notice to defendant vacated and cause remanded for hearing on motion to determine whether or not cause should have been dismissed without prejudice, and, if so, upon what terms and conditions, if any). In the present case, as in the Cook case, supra, the jury was dismissed before the trial judge exercised his discretion upon what, in legal effect, constituted a motion for dismissal without prejudice. In the present case, however, the trial judge is not necessarily foreclosed from exercising his discretion against granting the plaintiff’s motion because there will also be pending before him the defendant’s motion for dismissal with prejudice. Consequently, while a mistrial may possibly be appropriate, we do not conclude from the record before us that a mistrial must be declared.