PER CURIAM.
We have before us three separate appeals which have been consolidated for all appellate purposes. Each case is an appeal by the defendant from a final order pursuant to a voluntary non-suit.
Appellant’s position is that inasmuch as the non-suit practice no longer exists in this jurisdiction and the grounds, upon which the non-suit was announced, were not sufficient for granting a voluntary dismissal without prejudice, the final order pursuant to non-suit must be reversed and an order dismissing the causes with prejudice substituted therefor. It is pointed out that, as set forth in Union Trust Company v. Fields, Fla.App.1965, 176 So.2d 339, a motion for voluntary dismissal by a plaintiff after he has rested and the defendant has moved for a directed verdict is not favorably regarded, and that a strong showing is necessary to warrant a voluntary dismissal at that late stage in the proceedings.
In the causes before us, the defendant moved for a directed verdict at the conclusion of all the evidence. After the court had taken this motion under advisement, the plaintiff, appellee, moved for a non-suit. The court did not exercise its judicial discretion to dismiss the cause with prejudice or to dismiss the cause without prejudice. In Cook v. Lichtblau, Fla.App.1965, 176 So.2d 523, 534, it was suggested that “ * * * erroneously sought nonsuits should not be treated as dismissals with prejudice but as motions for dismissal without prejudice.”
In view of the circumstances in this case, we conclude that the trial court’s failure to exercise its discretion, by either granting or denying what should have been considered as a motion for voluntary dismissal without prejudice, - deprived the plaintiff of the privilege of continuing his suit if he had received an adverse ruling.. We therefore reverse the final order pursuant to non-suit and remand the cause to the trial court with directions to enter an order of mistrial. Cf., Union Trust Company v. Fields, Fla.App.1965, 176 So.2d 339; Cook v. Lichtblau, Fla.App.1965, 176 So.2d 523; Florida East Coast Railway Co. v. Chapin, Fla.App.1965, 179 So.2d 107.
Reversed and remanded with directions to declare a mistrial.