SAMUEL ROSENBERG et al.

v.

THOMAS G. SHEEN et al.

[Heard October 3d, 1910. Determined October 7th, 1910.]

1. Under a municipal ordinance providing that an unsafe building must be repaired, or that it may be ordered to be torn down if the building inspector declares that it cannot be made safe, an adjudication by the city building department, condemning the building as unsafe and ordering it to be torn down, without any previous finding by the building inspector that it cannot be made safe, and without notice to the owner and opportunity to the owner to be heard, is void.

2. The owner of a building condemned as unsafe by a void adjudication of a municipal building department is entitled to a preliminary injunction against the execution of the order of destruction.

On bill, &c., for injunction.

*Messrs. Garrison & Voorhees* and *Messrs. Higbee & Coulomb,* for the complainants.

*Mr. George A. Bourgeois* and *Messrs. Thompson & Cole,* for the defendants.

LEAMING, V. C.

I am satisfied that complainants are entitled to a preliminary writ.

The adjudication of the building department of Atlantic City in condemning the building in question as unsafe is made the basis of the claim of right upon the part of defendant Sheen to destroy the building. That adjudication is manifestly void. It is neither in accordance with the ordinance under which it is made, nor in accordance with well established and fundamental rules of law. The condemnation ordinance contemplates that an unsafe building shall be repaired or torn down, unless the build-

ing inspector shall declare that the building cannot be made safe, in which latter event it may be ordered torn down.

In the present case no adjudication appears to have been made to the effect that the building cannot be made safe; the building is ordered torn down without any declaration of that nature. If such a declaration was made the evidence of it rests alone in the mind of the building inspector, and is wholly a matter of inference. But it is entirely manifest that no action upon the part of the building inspector can be supported as a justification for the destruction of complainants' property rights unless some opportunity has been first given to complainants to be heard. A condemnation of a building made in the manner in which the condemnation in question has manifestly been made cannot be treated as in any sense a judicial determination. Without some notice to complainants it is of no more force than though it had not been made. It is, at most, a ministerial act; it fails to embody the first essential element of an adjudication. As the present conduct of defendant Sheen in attempting to tear down the building can find justification only in the claim that a lawful condemnation of the building has been made by the city, it is manifest that complainants are entitled to relief against his acts.

The claim is made that this court cannot enjoin a landlord from evicting a tenant because of the legal remedy of a tenant under the covenants in his lease. That question is not here presented. Defendant Sheen is tearing down the building pursuant to an order from the city and justifies under that order. He makes no claim of right except under that order.

. I will advise the issuance of an injunction *pendente lite.*