## No. 11,328.

### McMahon v. City of Telluride, et al.

Decided April 5, 1926.

Action against a city for the destruction of a building. Judgment of nonsuit.

### *Reversed.*

1. Municipal Corporations—*Nuisance—Abatement.* Where a building is not a nuisance per se, a city acts at its peril in destroying it upon the theory that it is summarily abating a nuisance.

2. *Nuisance—Damages—Ultra Vires.* When sued for damages for destroying a building upon the theory that it is a nuisance, a city cannot invoke the doctrine of ultra vires.

3. Nuisance—*Abatement.* Abatement of nuisances is a governmental function.

4. *Abatement—Municipal Corporations—Liability.* No liability can arise against a municipality for the destruction of property which is a nuisance but it must be a nuisance in fact, otherwise the city will be liable, if not in tort, then upon the theory of granting compensation for private property taken for public use.

5. Words and Phrases—*Public Use.* The term "public use" is a broad and flexible one. Property is taken for public use whenever it is taken to subserve some public purpose.

6. Property—*Eminent Domain—Public Use—Compensation.* There must be a compensation for the taking of private property for public use except in cases where it is taken rightfully in the exercise of the police power.

*Error to the District Court of San Miguel County, Hon. Thomas J. Black, Judge.*

Mr. Emmett R. Feighner, Messrs. Burgess & Adams, for plaintiff in error.

Mr. John M. Woy, Mr. De S. De Lappe, for defendants in error.

*Department Three.*

Mr. Chief Justice Allen delivered the opinion of the court.

This is an action against the City of Telluride and others for damages for the destruction of a building. There was a judgment of nonsuit against plaintiff, and he brings the case here for review.

It is admitted that the city, by various officers acting under the order of the mayor and city council, destroyed a frame building belonging to plaintiff. The city answered, and now contends, that the building was rightfully declared a nuisance before its destruction by the city officers. The city also pleads an ordinance, section 1 of which reads as follows: "Sec. 1. Any house, building, structure, or tenement, situate within the corporate limits of the City of Telluride, which by reason of fire, natural decay, defective structure, neglect or any other reason, or is in a dilapidated condition from non-use and non-repair, or has windows or doors out and is unoccupied and not in condition to be occupied, shall be and the same is hereby declared a nuisance and dangerous and a menace to the public health and the welfare of its citizens and to the fire protection of the city."

The city pleads facts showing that plaintiff's building was a nuisance within the definition given by the ordinance, and that the city council had previously declared the building to be such nuisance. The plaintiff in his replication denied all allegations of new matter, and also assailed the validity of the ordinance.

It is not necessary to pass upon the validity of the ordinance, and no opinion will be expressed thereon.

The theory of plaintiff is, and his evidence tends to support it, that the building was not a nuisance within the definition of the ordinance or otherwise. On May 16, 1924, plaintiff received a notice from the city that

he is directed to repair or remove the building in question. The building was then situated on the corner of Main and Alder streets in Telluride. Shortly after receiving the notice, plaintiff removed the building to the rear of the lot, so that it abutted the alley. He repaired the building, and remodeled it, in some particulars, so that it could be used as a private garage.

The law of nuisances, so far as it applies to this case, is stated in *Denver v. Mullen,* 7 Colo. 345, 3 Pac. 693. It is not claimed that the building was a nuisance per se. Not being a nuisance per se, the city acted at its peril in destroying it upon the theory that in so doing it was summarily abating a nuisance. Joyce, Law of Nuisances, sec. 347. In *Americus v. Mitchell,* 79 Ga. 807, 5 S. E. 201, the court said: "It would be a great wrong upon the people living in crowded cities to hold that, in every case of nuisance, affecting perhaps the lives of hundreds or thousands of inhabitants, the city authorities would have to go through a long and tedious trial before a court and jury, before they could abate or abolish the nuisance. But, as said before, when they do act, they must be certain that they are right and that the thing abated is a nuisance, or they will subject the municipality to damages." See also *Yates v. Milwaukee,* 10 Wall. (U. S.) 497, 19 L. Ed. 984; 2 Dillon, Munic. Corp. (5th Ed.), sec. 684.

When sued for damages in such a case, the city cannot invoke the doctrine of ultra vires. *Sings v. City of Joliet,* 237 Ill. 300, 86 N. E. 663, 22 L. R. A. (N. S.) 1128, 127 Am. St. Rep. 323.

There is no dispute as to the applicability of the law as announced in *Denver v. Mullen, supra,* but counsel for the city point out that that was an injunction case. It appears to be conceded that a party may enjoin a municipality and its officers from proceeding to abate a supposed nuisance when it is not a nuisance in fact. The city appears to contend, however, that once the al-

leged nuisance is abated, the property owner cannot recover damages from the city because the latter, in abating the real or alleged nuisance, was acting in a governmental capacity. Counsel for the city cite, for example, *Denver v. Davis,* 37 Colo. 370, 374, 86 Pac. 1027, 6 L. R. A. (N. S.) 1013, 119 Am. St. Rep. 293, where the court said: "The authorities all hold that a municipality is not liable for the acts of officers or agents of the departments of health, police or fire, while in the performance of public governmental functions and duties connected with and appertaining to such departments."

Abatement of nuisances is a governmental function. 28 Cyc. 1291. No liability can arise against a municipality for the destruction of property which is a nuisance, but it must be a nuisance in fact. 28 Cyc. 1292.

Where the property is not in fact a nuisance, if the city is not liable in tort, because of the rule above mentioned and relied on by the city in the instant case, the municipality is nevertheless liable upon the theory that it must grant compensation for private property that it takes for public use. If certain property is in fact a nuisance, its destruction as such may not give rise to any right to compensation, but if property is destroyed under a mistaken belief that it is a nuisance, when in fact it is not a nuisance, it is taken for a "public use" within the meaning of the constitutional provision, and the loss to the owner should be made good. From the abstract of the briefs of counsel in *Savannah v. Mulligan* (95 Ga. 323), as published in 29 L. R. A. 303, 51 Am. St. Rep. 86, it appears that this was the theory of the property owner in that case. The same situation existed in *Waggoner v. City of South Gorin,* according to the abstract of the briefs, as published in 88 Mo. App. 25. The opinions in those cases seem to assume that such theory is tenable.

The term "public use" is a broad and flexible one. In *Logan County v. Adler,* 69 Colo. 290, 194 Pac. 621, 20 A. L. R. 512, the county built a bridge, and in the construc-

tion thereof caused the flooding of plaintiff's lands.  The county was held liable, not as for a tort, but for compensation for property taken or damaged for public use. While in that case the property was taken in connection with the construction of a public improvement, it is also true that private property may be taken for a public use even when no public improvement is involved; the property is taken for public use whenever it is taken to subserve some public purpose, and there must be compensation for such taking, except in cases where it is taken rightfully in the exercise of the police power.

The trial court granted a nonsuit against plaintiff and in favor of the city solely upon the ground that the city was not liable because it was acting in a governmental capacity.  Under the authorities above cited, and the views above expressed, the rule invoked by the trial court is not applicable in this case.  The city, having acted through its mayor and council, is liable if upon trial and under the evidence it is judicially determined that the building destroyed was not a nuisance.  The plaintiff's evidence tended to show that the building in question was not in fact a nuisance, within the description given in the ordinance or otherwise.  It was therefore error to grant a nonsuit in favor of the city.

As to whether the city would be liable in case a building is destroyed, upon the supposition that it is a nuisance, by any officer of the city acting otherwise than under the direction of the mayor and council, no opinion is here expressed.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Mr. Justice Campbell and Mr. Justice Sheafor concur.