No. 13,208.

CITY AND COUNTY OF DENVER ET AL. *v.* RISTAU ET AL.

(33 P. [2d] 387)

Decided May 21, 1934.

Mr. James D. Parriott, Mr. Frederick P. Cranston, Mr. Karl C. Brauns, for plaintiffs in error.

Mr. James R. Hoffman, Mr. Theo. J. Adams, for defendants in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

Fred and Margaret Ristau, defendants in error, as husband and wife, being the owners of real estate known as 4684 North Broadway, in the City and County of Denver, brought this action against the city and some of its officials for damages claimed to have occurred by and on account of the city's failure to abate a nuisance, arising from a dump near their property. The individual defendants were dismissed from the case. A jury returned a verdict against the city for $500, and judgment was entered. The city assigns error. The parties will be referred to as they appeared in the trial court as plaintiffs and the city.

The evidence shows that after plaintiffs acquired and improved the property above mentioned, a dump came into existence about two blocks therefrom; that this dump was on private property; that the dump was a nuisance under the ordinances of the city; that the city officials were notified of, and knew of, its existence; that the ordinances of the city prohibited dumping, except when permitted by the manager of health and charity, and gave

said manager of health and charity power to abate nuisances in his discretion; that the city put up "no dumping allowed" signs on the property; at certain times the city posted watchmen on the property to prevent dumping; that the city caused the dump to be cleaned up by its prisoners; that it hauled in clean dirt to cover up dead fowls; that ash haulers and others tore down the signs and continued the use of the dump. The evidence does not show that the city used the dump in any way, or authorized its use as such.

The plaintiffs alleged, that from about 1927 to September, 1930, the date of the filing of this action, the city, by its agents, dumped and permitted to be dumped, refuse, garbage, dead animals and other matter on the property described as a dump; that the city was repeatedly notified of the condition and was requested to abate the nuisance which caused injury to the health and property of plaintiffs, by reason of the stench and noxious odors arising therefrom, rendering their home unfit for habitation, to their damage in the sum of $1,000; that plaintiffs had lost chickens, turkeys and rabbits on account of said nuisance to their damage of $500, and on account of sickness and discomforts had been damaged in the sum of $15,000. A demurrer to the complaint was overruled.

The city answered admitting notice of the alleged condition, denied its refusal to abate, denied that it used or allowed the place to be used as a dump; denied any control over this privately owned property; alleged that it took proper care to prevent the use of said property as a dump, and generally denied all other matters, as well as its liability.

At the close of plaintiffs' case, motions by the city for nonsuit and directed verdict were overruled. We think the motion for a directed verdict should have been granted.

The city contends that even though it had notice, and failed to prevent dumping by others, and failed to

enforce its ordinances, it was not liable for damages sustained by the existence of a dump on private property, when the city never authorized or contributed to its existence. In the event the city had no ordinance on this subject, it would not be liable, neither would it be liable for its failure or inability to enforce its ordinance. *Addington v. Littleton,* 50 Colo. 623, 115 Pac. 896.

The abatement of a nuisance is a part of the governmental power of a municipality. *McMahon v. Telluride,* 79 Colo. 281, 244 Pac. 1017. It is solely discretionary and it is well settled law, that it is not bound to exercise such power. No legal duty was imposed upon the city to abate the nuisance. The exercise of the power being discretionary is subject to the judgment of the municipal officers and in the exercise of that judgment, they would be clothed with full power to make their judgment effective. ''The municipality cannot be held liable for failure to enact ordinances to prevent or abate nuisances or for the acts or omissions of its officers with respect to the enforcement of such ordinances, where the nuisance is not created or maintained by the express authority of the municipality, and is not the result of any act or omission in the performance of a duty imposed by law.'' 43 C. J. 955, §1733.

The power conferred on the city is judicial not administrative. ''The city is not liable for failure to abate a nuisance, unless it is created by it or is on its own property, or is in itself a breach of a duty imposed upon the city, as where it renders a public highway unsafe, and the like.'' *Bilderback v. City of Klamath Falls,* 6 F. (2d) 642.

The city has, by its ordinances (Denver Municipal Code, 1927), declared certain things and conditions to be nuisances, and by the following ordinances, which are in evidence, provided for the abatement thereof:

''Summary abatement.

''Section 1058. Whenever any nuisance shall be found on any premises within the city and county the manager

of health and charity is hereby authorized, in his discretion, to cause the same to be summarily abated in such manner as he may direct.

"Duty of health officers to find cause of nuisance—Right of entry—Abatement and removal.

"Section 1059. It shall be the duty of the manager of health and charity and such other officers as he may direct, from time to time, to ascertain and cause all nuisances declared to be such in this ordinance to be abated. * * * ."

The latter ordinance is a delegation of this particular class of duty, to a designated officer. It has to fall to someone. It is not here claimed that the city had any part in the establishment of this dump or in any way contributed to its use as such. That it was considered a nuisance cannot be questioned, since it was so treated by the city, as evidenced by its efforts to remove it. The complaint seems to be based solely upon the city's failure, after notice, to abate. It is to be observed that the ordinances do not provide the method of abatement. Evidently this was left to the discretion of the officer to whom this particular duty had been delegated. He had the power to decide how this should be done. That decision was made, and as shown by the evidence, a reasonable effort was made to remedy the trouble and prevent the nuisance. Abatement does not necessarily mean by court order. For unsuccessful attempts or failure in this governmental function, undertaken for the benefit of all the public—as such would be, though immediately affecting plaintiffs—the authorities are uniform to the effect that the city is not liable.

By reason of our conclusions, herein stated, it is not necessary to discuss other assigned errors.

Judgment reversed with directions to dismiss the complaint.