DANIEL R. KNIGHT, *et al.*, v. THE CITY OF MIAMI, *et al.*

173 So. 801.

Opinion Filed March 29, 1937.

Rehearing Denied May 1, 1937.

586

*Shutts & Bowen* and *Hollis Rinehart, Jr.,* for Appellants; *J. W. Watson, Jr.,* and *Mitchell D. Price & Charles W. Zaring,* for Appellees.

DAVIS, J.—This controversy originated in a suit brought by appellants against appellees in the Court below seeking to restrain the City of Miami and certain of its officers from acting in a summary manner in accomplishing the destruction of fifty-three small dwelling houses owned by appellants and occupied by their tenants. The cause pro- ·ceeded to final hearing upon bill, answer and testimony taken, but the Chancellor in announcing his decree decided the case as being one of legal, and not equitable, cogni- zance and jurisdiction. So the appeal presents here the primary question whether or not the bill was maintainable as one for equitable relief by injunction because of the ab- sence of any plain, complete and adequate remedy at law for the wrongs and injuries complained of:

The allegations of the bill of complaint are in substance as follows: That the plaintiff, a man seventy years of age, was owner of certain property in the city of Miami upon which he had constructed fifty separate small dwelling houses to be rented out; that he was acting as landlord of the premises and had as tenants people of small means to whom the houses he had constructed were being rented and by whom they were being occupied; that at the time the houses were built, their construction was in conformity to all building ordinances and regulations of the city and that proper permits had been procured therefor; that the houses were in good condition and are so constructed that they are neither unsafe nor dangerous although they are of cheap design typical of the neighborhood in which they have been built; that the group of houses in question is not a tourist camp, but the occupants and tenants thereof are poor families' who are year round inhabitants of Miami; that the City of Miami, acting upon a petition of voters of the city whose esthetic sensibilities disapprove of the existence of plaintiffs' rental enterprise, had served notice on plaintiffs advising them that their houses were "unsafe and dangerous"· and demanding that plaintiffs correct the condition by tearing down and removing all of said houses by January 10, 1936; that the order and notice so given was one of absolute destruction and permitted no repairs to be made in lieu thereof; that under the ordinances of the City of Miami under which its officials were proceeding and threatening to destroy the plaintiffs' properties, no notice or hearing is provided for or allowed, but it is contemplated that orders made and served by the Building Inspector pursuant to them must be promptly obeyed or summary action by the city will be taken to carry out the destruction of plaintiffs' property without any notice or opportunity to plaintiffs to

be heard as to whether or not the houses are nuisances in fact and subject to destruction as such; that in addition plaintiffs are being held subject to prosecution and imprisonment for failure to obey the City's aforesaid summary order, and under the terms of the ordinances plaintiffs are being threatened with fifty separate prosecutions with aggregate fines of $10,000.00 and aggregate imprisonments exceeding eight years, should they fail to surrender up their asserted properties rights. to be destroyed by the City's agents at plaintiff's cost and expense; that equitable relief is necessary in the premises to forestall irreparable injuries such as are being threatened by defendant City of Miami and its officials, and which will be accomplished unless an injunction against the same shall issue.

There was equity in the bill and it was error for the court below to have dismissed the same at final hearing, without considering the cause on its merits, on the ground that plaintiffs had failed to establish such a cause of action that the court could take equitable jurisdiction thereof, and on the further ground that the plaintiffs had a plain, complete and adequate remedy at law, as recited in the final decree.

The foregoing is so because the bill alleges facts tending to show that the City of Miami was not only unlawfully threatening to interrupt the existing contractural and property rights between plaintiffs and their tenants, whom plaintiffs were bound to protect, and thereby impair the enjoyment by plaintiffs of the intangible values represented by their existing tenancies (Dade Enterprises, Inc., v. Wometco Theatres, Inc., 119 Fla. 70, 160 Sou. Rep. 209) but was charged with having acted in an arbitrary and unjustified manner toward accomplishing the summary destruction of plaintiffs' properties as a nuisance, although such

properties so plaintiffs averred, and announced themselves prepared to prove, were not clearly a nuisance in fact and, therefore, not subject to summary abatement as such, without any notice or hearing, or an opportunity to defend against the order of demolition (save in and by a proceeding in equity). City of Orlando v. Pragg, 31 Fla. 111, 12 Sou. Rep. 368, 19 L. R. A. 196, 34 Am. St. Rep. 17; Stephenson v. National Bank, 92 Fla. 347, 109 Sou. Rep. 424; City of Jacksonville v. Giller, 102 Fla. 92, 135 Sou. Rep. 549; Morgan v. City of Lakeland, 90 Fla. 525, 107 Sou. Rep. 269; McMahon v. City of Telluride, 79 Colo. 281, 244 Pac. Rep. 1017; Rosenberg v. Sheen, 77 N. J. Eq. 476, 77 Atl. Rep. 1019; Crossman v. City of Galveston, 112 Tex. 303, 247 S. W. Rep. 810.

The Chancellor having decided that the bill should be dismissed because plaintiffs had a plain, complete and adequate remedy at law, for the wrong and injuries complained of, the inference is that the Chancellor thought the plaintiffs' cause had some merit, but that it should be tried in a different relief than equitable relief to be awarded.

While a chancery decree or other judicial pronouncement, otherwise correct, will not be reversed solely because the judge deciding the case has undertaken to state in connection with his decree a wrong reason for arriving at the decision he has made, there is an important exception to this rule as well settled as the rule itself. That exception is that where in deciding a cause, it appears that the decree or judgment has been arrived at by the Judge or Chancellor on an erroneous conception of the essential requirements of law by which his judicial consideration should have been guided and his judgment or decree arrived at, an appellate court will reverse a judgment or decree harmful to appellant when it appears to have resulted from the Judge or

Chancellor's misconception of the controlling principles of law applicable to the controversy and in accordance with which it should have been decided on its merits, having those principles and essential requirements of law in mind as a judicial guide. Schmitt v. Bethea, 78 Fla. 304, 82 Sou. Rep 817; Atlantic Shores Corp. v. Zetterlund, 103 Fla. 761, 138 Sou. Rep. 50; Earle v. Detroit & Security Trust Co., 103 Fla. 618, 138 Sou. Rep. 65; Bear v. Standard Accident Ins. Co., 124 Fla. 9, 168 Sou. Rep. 18.

In this cause appellants contend that they have never had a trial on the merits of the bill filed by them in the Court below because the Chancellor in effect dismissed the bill at final hearing for want of equity. The recitals of the decree support such contention, by inference at least.

In such cases, where the basis upon which a decree was rendered appears to be in substantial doubt as between a correct and erroneous view of the controlling principles of law, the decree will be reversed, and the cause remanded, with directions to the Chancellor to reconsider the cause in the light of the applicable law of the case as established in the appellate court's opinion for its future guidance and thereupon to make and enter an appropriate new decree in the premises. Smith v. McEwen, 119 Fla. 588, 161 Sou. Rep. 68; Barry V. Walker, 103 Fla. 533, 137 Sou. Rep. 711.

In so holding, we do so without intimating any opinion on our part as to the merits of the cause when the equities thereof shall come on for further consideration and decision on the pleadings and evidence and the issues of controverted fact raised thereby.

Reversed and remanded for further proceedings in accordance with opinion of Supreme Court.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.