CLARA VANDERHOVEN, PROSECUTOR, v. THE CITY OF RAHWAY, DEFENDANT.

Submitted May 3, 1938—Decided September 2, 1938.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *Orlando H. Dey.*

For the defendant, *Eugene F. Mainzer.*

The opinion of the court was delivered by

PORTER, J.   This writ of *certiorari* brings before us for review the legality of the proceedings of the common council of the city of Rahway ordering the demolition of five dwelling houses, four of which being owned by the prosecutor and the fifth one mortgaged to her.

The facts are not disputed.   It appears that the common council adopted an ordinance on July 22d, 1936, providing for the removal or destruction of buildings or other structures which are or may become dangerous to life or health or which might tend to extend a conflagration.   This was a general ordinance and set forth the procedure to be followed. It provided in section 21 that the building inspector was to determine whether any building should be repaired or removed if its condition was detrimental "to the health or safety of the public or is unusually liable to take fire or to cause any other building or structure in its vicinity to take fire or is uninhabitable."   In which case he is to make complaint to the common council giving his opinion as to whether the building he is considering should be repaired or demolished.

Section 3 provides that the common council shall immediately consider the complaint and if a majority of its members deem it advisable "for the best interests of the public"

to have removed or destroyed the building complained of, the common council shall so declare "by the adoption of a resolution containing such a declaration" and cause a notice of its action to be given to the owner of the building which notice shall state that unless the building be removed or destroyed within thirty days after service of the notice the city will remove or destroy it and charge the costs and expenses against the property.

Section 6 of the ordinance authorizes an owner to appeal to the common council from its action within ten days thereof whereupon a hearing will be had, after which the owner shall be notified of the action taken by the common council and is given five days thereafter in which to comply with the "original notice as affirmed or modified."

It further appears that at a meeting of the common council held on June 23d, 1937, the building inspector reported in writing under date of June 21st, 1937, that the five buildings in question should all be demolished for various reasons given, which might be summed up as that all were in ruinous condition. Nothing further appears to have been done in the matter until January 12th, 1938. On that date the common council adopted five resolutions ordering the destruction or removal of the five buildings in question. These resolutions were identical as to form and substance except as to description of the properties and naming the prosecutor as the owner of four and Samuel Blumenthal as the owner of the fifth. The latter property apparently being the one on which the prosecutor holds a mortgage.

The ordinance of July 22d, 1936, *supra,* was doubtless intended to conform with the provisions of the Home Rule act of 1932. *Rev. Stat.* 40:48-1, *subsection* 15.

There can be no question of the right of the state, or of its right to delegate the power to a municipality, to exercise its police power to take or destroy private property in a summary manner when necessary for the safety of the public. But the necessity for such action must be caused by an emergency which requires prompt action for public protection. For example, the immediate need for taking and destroying unfit

food being offered for sale to the public or the immediate need for the destruction of buildings for the purpose of stopping or controlling a conflagration.

In the instant case, however, there existed no emergency nor need for prompt action. In fact, nearly seven months elapsed from the time the building inspector reported that the buildings were in such dilapidated condition that they should be demolished and any action whatever being taken by the common council.

In this situation we are of the opinion that the owner of the property complained of is entitled to notice without which the proceeding can have no validity.

The only notice given here was after the council had acted and it was not to give the prosecutor a hearing, but simply of notification that it had summarily decreed that she must demolish her buildings within thirty days. True she was then given an opportunity to appeal to the common council for a modification of its decision, but that is in no sense a hearing on a proposed action such as she was, in our view, clearly entitled to. The law is well established in this state that where property is to be taken for public use notice of such intention must first be given the owners so they may be heard, whether required by statute or not Moreover, the statute under which this ordinance was enacted provided for notice in these words: "Before any proceeding is taken pursuant to the provisions hereof, the governing body of the municipality shall cause notice of the contemplated removal or destruction of the building, wall or structure, to be given to the owner of the land affected thereby." *Rev. Stat.* 40 :48-1, *subsection* 15.

A few of the pertinent New Jersey cases on the necessity for notice follow: *New Jersey Turnpike Co.* v. *Hall,* 17 *N. J. L.* 337; *State* v. *Jersey City,* 24 *Id.* 662; *Vantilburgh* v. *Shann,* 24 *Id.* 740; *State* v. *Jersey City,* 25 *Id.* 309; *State* v. *Newark,* 25 *Id.* 399 (at *p.* 411) ; *State* v. *Orange,* 32 *Id.* 49; *Hutton* v. *Camden,* 39 *Id.* 122; *Davis* v. *Howell,* 47 *Id.* 280; *Kearney* v. *Ballantine,* 54 *Id.* 194.

Concluding that the proceedings of the defendant were

void because of this lack of notice resulting in a lack of opportunity for the prosecutor to be heard makes unnecessary a consideration of the other points raised as to the constitutionality of the said statute or other alleged irregularities in the proceedings.

The proceedings are set aside, with costs.