Complainant is a pipe line company maintaining and operating pipe lines and a pipe line system for public use and for the use of the corporation generally. The company was incorporated in 1934 under the General Corporation act, R.S. 14:1-1.
By its bill of complaint complainant seeks to enjoin ejectment proceedings commenced at law by the Libbrun Holding Company, a corporation, the defendant herein, pending the institution and prosecution by complainant of condemnation proceedings for the acquisition of a right-of-way over premises owned by the defendant.
On June 10th, 1936, Jacob Greenbaum and the Equitable Housing Corporation executed an agreement to complainant giving it the right-of-way covering the premises described in the bill of complaint, which at the time of the execution of such agreement were encumbered by a mortgage of record later foreclosed by the Libbrun Holding Company, the defendant herein, who in such proceedings became the owner and was vested with the title to the lands embraced within such right-of-way. *Page 125 
That the complainant corporation is a pipe line company maintaining and operating pipe lines and a pipe line system for public use and for the use of the corporation generally is not denied. Nor is it denied that the Public Utility Commission of this state has at all times exercised jurisdiction and authority over complainant and that the complainant sought and received permission to issue stock under and by virtue of R.S. 48:3-9
and that it has a publicly posted tariff rate for the transportation of petroleum and oil with the Interstate Commerce Commission.
The sole issue before the court for determination is whether the complainant possesses the power of eminent domain.
There is in this state no special statute applying to pipe line companies as such, and it is contended by the defendant that the General Corporation act under which complainant was incorporated prohibits the formation under this statute of any company requiring the right to condemn lands.
The defendant argues that the complainant is not a corporation and therefore cannot exercise any powers, including the power of eminent domain. The Court of Chancery may not entertain this collateral attack, because on the face of the record the complainant is a duly organized and existing corporation. The power to adjudge that question belongs exclusively to another tribunal since this court can in no case, unless specially authorized by statute, try the validity of a corporate organization existing under the forms of law. Attorney-General
v. Stevens, 1 N.J. Eq. 369; National Docks Railway Co. v.Central Railroad Co., 32 N.J. Eq. 755; Elizabethtown Gas-LightCo. v. Green, 46 N.J. Eq. 118; 18 Atl. Rep. 844; affirmed,49 N.J. Eq. 329; 24 Atl. Rep. 560. The state alone can challenge such corporate existence and power to exercise corporate franchise in view of Union Water Co. v. Kean, 52 N.J. Eq. 111
(at p. 121); 27 Atl. Rep. 1015.
Since the court is without jurisdiction or power to determine the corporate existence of the complainant it must proceed on the assumption that the complainant is a corporation, duly organized and with the powers set forth in its certificate of incorporation, and possessing such other powers as might accrue to it under the General Corporation act. No *Page 126 
deficiency in the procedure of incorporation is raised by the defendant and it seems to be conceded that the complainant corporation could not have been incorporated under any other statute than the General Corporation act. The business in which it is engaged of operating a pipe line is a lawful enterprise. The complainant corporation's right to existence is its primary franchise, while its right to exercise its power of eminent domain would be its secondary franchise.
I do not understand that the defendant seriously contends that the complainant could not be and was not legally organized under the General Corporation act. Defendant's contention is that complainant having been organized under the General Corporation act which provides, R.S. 14:2-1, that there shall not be formed thereunder any corporation (b.) "Except as provided in section 14:2-2 of this title, any railroad, telegraph, telephone, canal or turnpike company, or other company which shall need to possess the right of taking and condemning lands in this state; * * *" that therefore the complainant does not possess the right of eminent domain. (Italics mine.)
R.S. 14:2-2 deals with companies organized for the purpose of constructing, maintaining and operating railroads, telephone or telegraph lines outside of this state, or for the purpose of constructing, maintaining and operating works for the supply and distribution of electric light, heat or power in or outside of this state. Obviously complainant does not come within this category.
Apparently, at the time of its incorporation, complainant did not need to possess the right of eminent domain. At any rate it appears on the face of the record that it did become duly incorporated under the General Corporation act, and that the power of eminent domain was not, and could not be, granted to complainant in its primary franchise of existence under the General Corporation act.
The right to exercise the power of eminent domain is granted byR.S. 48:10-1. This act does not confer upon all pipe line corporations in all cases, the right to acquire by condemnation land or other property, but only such pipe line companies that desire to "acquire by condemnation land and other property necessary for public use for right of way." *Page 127 
The section referred to reads:
"Pipe line companies, associations and corporations may acquire by condemnation land and other property necessary for public use for right of way in the manner prescribed by chapter 1 of the title Eminent Domain (Sec. 20:1-1 et seq.)."
The effect of this statute is apparently to confer on those pipe line companies organized under the General Corporation act, which are in fact operating their facilities for public use, the right of eminent domain for the limited purpose of acquiring right of way for public use; but not for any other purpose generally such as for instance acquiring property for storage tanks, pumping stations, loading stations or other similar types of property — even for public use.
Complainant since its incorporation has constructed a pipe line system from a point north of Trenton to tidewater in Newark, New Jersey, a distance of approximately fifty-seven miles.
The total extent of the right of way sought to be condemned over the lands of the defendant in Piscataway township is 734 feet.
The legislature both in R.S. 48:2-13 and R.S. 48:10-1
recognized the existence of pipe line corporations and their lawful purpose.
It is concluded that complainant possesses the right to condemn land under R.S. 48:10-1 for public use for right of way. To hold otherwise is to say that the statute is a mere futility — a meaningless and empty thing. The purpose of the statute is clearly expressed and its operation should be made effective. There is in the statute expressed legislative recognition of existing pipe line corporations in this state and that these corporations were organized under existing law and that such pipe line companies as are operating for public use should have the power of eminent domain to acquire right of way for public use. This latter is the situation in respect of complainant.
Defendant, Libbrun Holding Company, a corporation, its agents and servants, will be enjoined from prosecuting its suit in ejectment in the New Jersey Supreme Court pending the *Page 128 
institution and diligent prosecution of proceedings in eminent domain by complainant for the acquisition of a right-of-way through and across premises described in the bill of complaint, said proceedings to be instituted within five days of the date of the decree.