20 N.J. Super. 116 (1952)
89 A.2d 286
THOMAS LLOYD FAUBEL, PLAINTIFF,
v.
BUCKEYE PIPE LINE COMPANY, A FOREIGN CORPORATION, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided May 21, 1952.
*118 Mr. Henry F. Schenk and Mr. Harry Krieger, attorneys for plaintiff (Mr. Harry Krieger, appearing).
Messrs. Herr & Fisher, attorneys for defendant (Mr. Burtis S. Horner, appearing).
COLIE, J.S.C.
This is a motion to dismiss a complaint in lieu of prerogative writ on the ground that the allegations thereof are sham, insufficient in law and fail to state a claim upon which relief can be granted. The complaint alleges that plaintiff owns lands in Raritan Township, Hunterdon County; that the defendant, an Ohio corporation authorized to do business in New Jersey, presented a petition under the authority of R.S. 48:10-1 to condemn a strip of plaintiff's land 50 x 2160 feet for the purpose of constructing a 16-inch pipe line thereon. An order was made appointing commissioners to assess the damage from the taking. The complaint asks the court to hold that the defendant has no right of condemnation because (a) it is not a public utility; (b) is a foreign corporation; (c) that the lands are not necessary for public use, and (d) that service and publication are defective.
The statute under which the defendant claims the power to condemn is R.S. 48:10-1. It provides: "Pipe line companies, associations and corporations may acquire by condemnation land and other property necessary for public *119 use for right of way in the manner prescribed by chapter 1 of the title Eminent Domain (Sec. 20:1-1 et seq.)." This statute was originally enacted as chapter 170, Laws of 1918, and appeared in the supplement to the Compiled Statutes under the general heading "Corporations." In the revision of 1937 it was reclassified and appeared under Title 48 dealing with "Public Utilities." No significance is to be attached to the change in classification. R.S. 1:1-5 provides that "no implication or presumption of a legislative construction is to be drawn" from classification or arrangement in the revision of 1937. In Burdett v. Municipal Employees, &c., Newark, 129 N.J.L. 70 (E. & A. 1942) it was said that there is a presumption against a legislative intent by a revision of general laws to effect a change in substance. The statute contains no requirement that the grantee of the power of condemnation be a public utility. That the Legislature did not so intend is borne out by the fact that chapter 170, Laws of 1918, first introduced as Assembly Bill 46, limited the power of condemnation to grantees "defined as public utilities by any law of this State." The qualification that only pipe line companies that are public utilities have the power to condemn is not in the statute and may not be read into it by implication.
The defendant, a foreign corporation, has, by virtue of R.S. 48:10-1, the power of condemnation. The statutory language is general. In Allen v. Francisco Sugar Co., 92 N.J. Eq. 431 (E. & A. 1921) a statute empowering a domestic corporation to lease its property to "any corporation" was held to bestow the right to lease to either domestic or foreign corporations. More recently, in Mechanics Finance Co. v. Austin, 8 N.J. 577 (1952) the language "any person, agent, treasurer, or other fiduciary officer of a private or public municipal corporation" was held applicable to the named agents of a domestic or a foreign corporation alike. By parity of reasoning, it seems clear that R.S. 48:10-1 grants the power of condemnation to the defendant. Cf. Groel v. United Electric Co., 69 N.J. Eq. 397 (Ch. 1905) *120 and Middlesex Pipe Line Co. v. Libbrun Holding Co., 128 N.J. Eq. 123 (Ch. 1940).
It is next said that the lands sought to be taken by the pipe line company are not necessary for public use. The general rule has been recently stated by the Supreme Court in City of Newark v. N.J. Turnpike Authority, 7 N.J. 377 (1951) as follows:
"The cases and the authorities are in agreement that in condemnation proceedings the quantity of land to be taken, its location, and the time of taking are within the discretion of the body endowed by the Legislature with the right of eminent domain."
The argument put forward by the plaintiff is that a factual question has been raised as to whether the taking is for a public use and whether the quantity of land proposed to be taken is necessary. As to public use, the amended petition filed in this cause recites, in paragraph 7 thereof, that the "land and property to be acquired and hereinafter described is necessary for public use for right of way." In Newark v. N.J. Turnpike Authority, supra, the Supreme Court said, in speaking of the Turnpike Authority:
"Like a municipal corporation it is vested with and enjoys a considerable degree of discretion as to the manner in which it carries out its functions. So long as such a corporation operates within the orbit of its statutory authority, it is well established that the courts will not interfere with the manner in which it exercises its power in the absence of bad faith, fraud, corruption, manifest oppression or palpable abuse of discretion."
This court can discern no reason for distinguishing the applicability of the rule just stated to the case of a private pipe line company engaged as a common carrier of petroleum products and a public corporation such as the Turnpike Authority. The Legislature has seen fit to give to each the power to condemn lands for public use and delegated to each the question of the quantity of land necessarily to be condemned. In the absence of an abuse of such discretion, the courts will not interfere. The plaintiff argues that a fact *121 question has been raised by the affidavits filed in this cause. As stated above, the amended petition recites in paragraph 7 that the land is necessary for public use for right of way. The affidavits submitted on behalf of the plaintiff in opposition to the motion to dismiss set forth that in the opinion of one affiant, a 50-foot right of way is not necessary, and in other affidavits that there is no shortage of petroleum or petroleum products in and about Hunterdon County. As to the effect of the affidavit denying the necessity for a 50-foot right of way, it goes no farther than to express a difference of opinion and is no evidence that the taking of a 50-foot right of way is an unreasonable or an arbitrary exercise of the discretion vested in the pipe line company. See Ryan v. Housing Authority of Newark, 125 N.J.L. 336 (Sup. Ct. 1940).
As to whether the use is a public use, there is nothing in plaintiff's affidavits in opposition to the motion which raises a fact question for resolution.
Plaintiff's fourth point upon which it seeks to set aside the order appointing commissioners has to do with alleged defective service upon certain of the parties named in the proceeding. The applicable statute is R.S. 20:1-3 which provides in part as follows:
"* * * The notice shall be served upon each party residing in this state, either personally or by leaving a copy thereof at his residence, if known. Where the residence is unknown or out of the state, notice shall be given and published as the justice or judge of the circuit court shall direct, by publication for not less than one week, and by mailing to each party whose address can be ascertained."
The first petition filed in this cause was dismissed. The amended petition was then filed and on February 5, 1952, an order signed fixing a date for the appointment of commissioners and providing for publication. The proof of service in the file discloses personal service upon an officer of New Jersey Power & Light Company, personal service upon the owner and his wife, and personal service upon the *122 wife of the chairman of Raritan Township Committee, and also contains proof of compliance with the order in reference to publication in certain newspapers, and acknowledgment of service by the mortgagee named in the petition.
The land owner has a constitutional right to notice in the matter of fixing compensation. So far as service upon parties who have, or may have, an interest in the lands is concerned, there is no necessity for service. 29 C.J.S., Eminent Domain, § 242, page 1212. Vanderhoven v. Rahway, 120 N.J.L. 610 (Sup. Ct. 1938). In the instant case, none of the parties named as having an interest have seen fit to object. The landowner, plaintiff, has appeared at each step and vigorously contested the defendant's right to condemn his property. He does not show that the failure, if any, to bring in other interests has prejudiced his rights and in the absence of such a showing, the court will not act. In the last analysis, the vital question is that the landowner receive a just award by way of damages.
The complaint will be dismissed.