29 N.J. Super. 514 (1954)
103 A.2d 13
CITY OF TRENTON, PLAINTIFF-RESPONDENT,
v.
ISADORE LENZNER AND FREDA LENZNER, DEFENDANTS-APPELLANTS, AND FIRST NATIONAL BANK OF PRINCETON, EXECUTOR OF THE ESTATE OF JOHN S. VAN NEST, MORTGAGEE, WILLIAM EARDLEY, SOL BRODER, ROY ADAMS, MICHAEL CUNNINGHAM AND FRED BARTEL, TENANTS, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued February 1, 1954.
Decided February 8, 1954.
*515 Before Judges EASTWOOD, JAYNE and FRANCIS.
Mr. John A. Hartpence argued the cause for appellants (Mr. David Frankel, attorney).
Mr. Louis Josephson argued the cause for respondent.
The opinion of the court was delivered by JAYNE, J.A.D.
Accommodations for the parking of motor vehicles on the public streets in or in reasonable proximity *516 to the mercantile sections of urban municipalities have in recent years been exhausted or justifiably restricted or forbidden in order to relieve the vehicular traffic on such streets of congestion. Consequently the subject attained the proportions of a problem of public interest. An answer was determined to be the establishment and maintenance by the municipality of off-street parking facilities. Vide, De Lorenzo v. City of Hackensack, 9 N.J. 379, at p. 384 (1952).
To effectuate that public purpose the Legislature in 1942 empowered any municipality of the State to provide by ordinance for the acquisition by condemnation or by other stated means of lands therein for the public parking of vehicles. L. 1942, c. 138, p. 427; R.S. 40:60-25.1.
On May 29, 1952 the City of Trenton adopted an ordinance pursuant to the authority conferred by the statute to acquire by purchase or condemnation for the public parking of vehicles certain land on East Hanover and Academy Streets in the city owned by the defendants Isadore Lenzner and Freda Lenzner and in which the other named defendants have an interest. On June 23, 1952 the owners instituted an action in lieu of certiorari in the Law Division of this court against the city in which the plaintiffs requested judgment that the "Ordinance be declared illegal, invalid, null and void and that the same be vacated, set aside, made void and for nothing holden," and for restraint against the prosecution by the City of any proceedings to acquire the property of the plaintiffs by eminent domain.
More than a dozen reasons were alleged in the complaint, among which one implicated the import of the statute and its violation of the constitutional rights of the plaintiffs, and another alleged that the city commissioners had by a resolution adopted January 6, 1949 created a parking authority of the city and thereby divested the city governing body of all the powers and functions conferred upon the parking authority.
It is of preliminary significance to recognize the issues encompassed by the allegations of the complaint in that action and to observe that the action was instituted within *517 the requisite period of time deemed by R.R. 4:88-15(b) (4) to be in protection of the public interest.
On November 6, 1952 the judge of the Law Division granted a summary judgment in favor of the city. Lenzner v. City of Trenton, 22 N.J. Super. 415 (Law Div. 1952). No appeal was prosecuted by the plaintiffs from that judgment. Undisturbed, the judgment remains the adjudicated law of the case pertaining to the issues which were and could have been projected affecting the validity of the ordinance.
On August 4, 1953 the City of Trenton instituted the present action to acquire the land by condemnation in accordance with the terms and provisions of R.S. 20:1-1 et seq. The amendment obliging a party seeking the acquisition of land by eminent domain to commence an action for such a purpose in the Superior Court was then in effect. L. 1953, c. 20. Cf. Borough of Little Ferry v. Bergen County Sewer Authority, 9 N.J. 536 (1952), certiorari denied 344 U S 865, 73 S.Ct. 105, 97 L.Ed. 670 (1952). The amendment conferred complete jurisdiction upon the court in such action "including jurisdiction to determine the right to exercise the power of eminent domain."
In such an action service of an order to show cause is substituted for the service of a writ of summons, R.R. 4:92-1, 4:85-3, and the court is permitted by the statute to proceed in a summary manner or otherwise. R.S. 20:1-2 as amended. The provisions of the statute in that regard should be interpreted with R.R. 4:85-5, which states:
"* * * If no objection is made by any party or the defendants have defaulted in the action, or the affidavits show palpably that there is no genuine issue as to any material fact, the court may try the action on the pleadings and affidavits, and render final judgment thereon. If any party objects to such a trial and there may be a genuine issue as to a material fact, the court shall hear the evidence as to those matters which may be genuinely in issue, and render final judgment. Where so provided in an applicable statute, the action shall be tried by jury, unless waived by the parties in writing."
*518 We are not aware of any applicable statute which directs a trial by jury to determine the right of the plaintiff to exercise the alleged power of eminent domain. A jury trial was not sought by the defendants in the present action. Answers were filed on their behalf challenging the right of the city to acquire the land by eminent domain. Affidavits and depositions were taken. Efforts to compose a prehearing order were abortive. An appendix of 315 pages discloses the convolutions of the periodical engagements in this action until upon motion on behalf of the city an order was entered on October 23, 1953 granting a summary judgment in favor of the plaintiff for the appointment of the three commissioners to determine the just compensation. The propriety of that order is the subject of the present appeal.
Our primary inquiry relates to whether a procedural error was committed. It may be deduced from the transcript that counsel for the owners-defendants previously and without retraction objected to a summary hearing. Concededly the judge did not hear any oral testimony and afford the defendants a trial. He had before him for consideration the pleadings, depositions, affidavits, and also some 16 exhibits submitted on behalf of the defendants. Additionally, he had knowledge of the prior action to invalidate the ordinance and of the judgment therein rendered.
It seems to us that the order under review should not be nullified if the relevant documentary material so presented failed palpably to reveal a genuine issue as to any material fact. At that inceptive standpoint in the action the genuine issue must concern a fact material to the right of the plaintiff to acquire the desired property by eminent domain. Assuredly a controversial matter of fact solely relating to the measure of compensation to be awarded the owners is not appropriately material to that issue.
As we have previously stated, an action by the owners to test the validity of the ordinance had already been prosecuted against the city in conformity with R.R. 4:88-15, and the validity of the ordinance therein judicially sustained and *519 adjudicated. No effort was made to review that judgment on appeal.
Nevertheless, in circumvention of the prior adjudication the defendants Lenzner propose again to assail the validity of the statute and ordinance upon substantially the same grounds, to wit, that the city is endeavoring to acquire the land for a private proprietary purpose, that there is no legislative authorization for such an undertaking, that the city had divested itself of the power of eminent domain, and that there is no public necessity for the acquisition of the property. A litigant is assuredly entitled to his day in court, but not entitled to relitigate an issue once determined by a valid judgment. Hudson Transit Corp. v. Antonucci, 137 N.J.L. 704, 707 (E. & A. 1948).
The reasons which impelled the board of commissioners of the city to introduce and ultimately adopt the ordinance are authoritatively expressed in the preamble, and the ordinance declares that its object is to acquire the property therein described for the public purpose specified in chapter 138 of the Laws of 1942. Private property, though immune under the Constitution from confiscation, is not immune from the sovereign power of eminent domain lawfully employed. Every generation works out the reasonably necessary range of that power.
In condemnation proceedings the quantity of the land the selection of its location, and the time to acquire it are matters within the discretion of the body endowed by the legislature with the power of eminent domain. City of Newark v. N.J. Turnpike Authority, 7 N.J. 377, 385 (1951). In the present case no essentially material fact was made evident from which it became logically inferential that the board of commissioners indulged in a palpable abuse of discretion. Cf. Faubel v. Buckeye Pipe Line Co., 20 N.J. Super. 116 (Law Div. 1952).
As conspicuous as a solitary cloud in a midsummer sky is the real and genuine remonstrance of these appellants which repeatedly catches the eye throughout the transcript of the proceedings. The appellants are conducting a lucrative *520 business on the property. They deny the power of the municipality to take the land without compensation for the prospective loss of the profits of the business of which they will be deprived. Manifestly the resolution of that issue becomes seasonable in the determination of the fair and just compensation to be awarded. Cf. State Highway Com. v. National Fireproofing Corp., 127 N.J.L. 346 (E. & A. 1941). The judgment here under review merely adjudicates the right of the plaintiff to invoke the power of eminent domain.
In view of all of the circumstances we conclude that the appellants did not incur any substantially prejudicial deprivation of their rights by reason of the failure to afford them a plenary trial. We are not persuaded that the interests of justice require a nullification of the judgment. It is accordingly affirmed.