SMITH, Chief Judge.
The plaintiff-husband appeals a final decree granting him a divorce for extreme cruelty, denying him a divorce for adultery and awarding the defendant-wife alimony. The chancellor denied a divorce for adultery because he erroneously believed the evidence to be legally insufficient to sustain *255 that charge. The compromising situation in which the defendant admittedly was found amply sustains the adultery charge, and the defendant’s explanation of it is so implausible as to lack substantial evi-dentiary value. Accordingly, instead of remanding the cause for reconsideration of the merits of the adultery charge, we hold the charge to be sustained and reverse the award of alimony.
The final decree affirmatively indicates that the chancellor denied the plaintiff a divorce for adultery without passing on the merits of that charge because he conceived the evidence of adultery to be legally insufficient.[1] In support of the charge of adultery the husband produced as witnesses detectives of the City of Tampa and Air Policemen who testified that after midnight on a certain day they observed the defendant and a man (who was identified as a person with whom the defendant made the rounds of bars on that night and other occasions and with whom she frequently associated subsequent to her marital troubles) in the darkened apartment of the defendant, both lying in the same bed, she wearing a shortie night gown and he in his underwear. When a light was flashed through the window he was caressing her buttocks. Where the facts in evidence reveal circumstances sufficient to lead a guarded discretion of a reasonable man to the conclusion that adultery was committed, then the charge has been proven. McMillan v. McMillan, 1935, 120 Fla. 209, 162 So. 524. Similar evidence was held amply sufficient to sustain a charge of adultery in Heath v. Heath, 1932, 103 Fla. 1071, 138 So. 796 (defendant found briefly clothed lying on her bed with another man). The award of alimony was improper and should be eliminated if the defendant was guilty of adultery as well as extreme cruelty. Malby v. Malby, 1940, 142 Fla. 656, 195 So. 601. Since the award was based upon a misconception of a controlling legal principle applicable to the controversy, ordinarily we would reverse the final decree and remand for reconsideration in the light of correct legal principles. Green v. Putnam, Fla.1957, 93 So.2d 378; Knight v. City of Miami, 1937, 127 Fla. 585, 173 So. 801; Smith v. McEwen, 1935, 119 Fla. 588, 161 So. 68. That procedure would serve no useful purpose here because the defendant’s attempted explanation of the compromising situation is so implausible as to lack substantial evidentiary value.[2] *256 Since a factual finding for the defendant on the issue of adultery would be manifestly against the weight of the evidence and contrary to the legal effect of the evidence, we hold that the adultery charge was sustained and reverse that part of the final decree which provides for the payment of alimony. Malby v. Malby, supra.
ANDREWS, J., and JUSTICE, JOHN D., Associate Judge, concur.

. The chancellor disposed of the adultery charge as follows in his final decree: “This Court further finds, with respect to the alleged adultery of the defendant set forth in the amended seventh paragraph of the complaint filed August 2, 1963, that, while the defendant was found in a compromising condition with another man, that there is evidence to support her denial of wrongdoing and that there is no creditable evidence in the record showing any incidents of marital misconduct of this nature during the more than twenty years of her marriage; while opportunity was established there is a lack of evidence, from which the Court might infer that a desire existed on the part of the defendant, which is an essential element, either by direct proof or fair inference, where direct proof of adultery is lacking. Engebretsen v. Engebretsen (Ela.1942), 151 Ela. 372, 11 So.2d 322 citing Altha v. Altha, 94 N.J.Eq. 692, 121 A. 301 to the effect that ‘if desire and opportunity were proven, adultery would be presumed.’ Benson v. Benson (Fla.App., Third District, 1958) 102 So. 2d 748. Since there is no creditable evidence in the record from which the Court could infer that desire existed on the part of the defendant, the Court finds that plaintiff has failed to prove adultery as charged in the seventh paragraph of the amended complaint.”

. The defendant did not deny the facts stated by the witnesses except she said that she had on shortie pajamas and that the man did not lay a hand on her. She explained that the man was there to protect her. Her apprehension arose, so she said, from harassing telephone calls, a ransacking of her apartment, prowlers in the neighborhood, and repeated scrutiny of her apartment by investigators. On further examination the record shows that these incidents occurred not before but during or after the night in question. She denied that adultery had occurred. The man did not testify.